**Judy ROOKE, Petitioner,**

v.

**Linda Ray Reed JENSON, as Executrix of the Estate of Sam Ray Reed, Deceased, Respondent.**

**No. D–2294.**

Supreme Court of Texas.

Sept. 9, 1992.

Rehearing Overruled Oct. 7, 1992.

Timothy M. Purcell, Gwen E. Richard, Hardy, Milutin & Johns, Houston, for petitioner.

Vince Cruz, Jr., Fort Worth, for respondent.

PER CURIAM.

We consider a statute of limitations defense raised by the estate of an alleged tortfeasor.

On January 17, 1986 Sam Ray Reed's automobile collided with that of Judy Rooke, who then filed suit against him on December 21, 1987. At the time of attempted service in January 1988, she learned that Reed had died. Since Reed's will named his wife, Nellie Mae Reed, as executrix and sole beneficiary, she was substituted as the defendant in her capacity as executrix in Rooke's amended complaint filed in February 1988. At this time, Linda Ray Reed Jenson, the Reeds' daughter, also learned of this suit filed against the "executrix" of the estate.

Although aware of this suit and named as a party, Nellie Mae Reed sought to have the will probated as a muniment of title, a method by which no executrix would be required. Upon Rooke's motion seeking the appointment of an executrix, Jenson requested and was finally appointed executrix more than two years after the accident. Rooke again amended her petition to substitute Jenson as the defendant in her capacity as executrix.

The trial court granted Jenson's motion for summary judgment which was based solely on a defense of limitations. The court of appeals affirmed. 838 S.W.2d 259. We reverse the judgments of both courts and remand for trial.

As we wrote in *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988):

The primary purpose of statutes of limitations is to compel the exercise of a right of action within a reasonable period of time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds.

*See also Robinson v. Weaver,* 550 S.W.2d 18, 20 (Tex.1977).

Where an individual whose conduct allegedly gave rise to an action has died, we have previously held that suit is properly brought against the decedent's personal representative or, if unavailable, the heirs or beneficiaries rather than the estate itself. *Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex.1975). *See also Love v. Woerndell,* 737 S.W.2d 50 (Tex.App.—San Antonio 1987, writ denied) (holding that executor is the proper defendant and that heirs or devisees must be joined only if the suit involves title to real estate); *Bennett v. Bennett,* 9 S.W.2d 758 (Tex.Civ. App.—Waco 1928, no writ) (holding that suit should be brought against the executor or administrator in a representative capacity on any claim against the estate, and that heirs are not ordinarily joined).

Before limitations ran in *Price,* "The Estate of Welton Terry Anderson" was named defendant. The temporary administrator, Paul Echols, was subsequently served with citation. After limitations ran, the plaintiff amended the complaint to name both the estate and Echols as defendants. This court refused the bar of limitations, since "[t]he purpose and the nature of the claim asserted were clear from the outset...." *Id.* at 692. Jenson seeks to distinguish *Price* on the grounds that here the party finally named as defendant was not the same person previously served. It is undisputed that Jenson had been aware that the "executrix" was being sued since her mother was served in February 1988. She is also represented by the same attorney that represented her mother. We hold that limitations may not be asserted by an individual who assumes the job of executrix with full knowledge that, prior to the running of limitations, a claim involving the deceased had already been filed, naming the presumed executrix as defendant. A contrary holding would in no way serve the purpose of the statute of limitations. As appropriately determined in *Castro v. Harris County,* 663 S.W.2d 502, 505 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd), "[t]he statute of limitations herein involved was not created to provide a log behind which opportunistic defendants could smugly lay for two years and then emerge solemnly proclaiming their statutory rights...."

Accordingly, pursuant to TEX.R.APP.P. 170, without hearing oral argument, a majority of this court grants Rooke's application for writ of error, reverses the judgment of the court of appeals and remands this case to the trial court for further proceedings in accordance with this opinion.