king 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,


AT AUSTIN


 



NO. 3-93-434-CV



KENNETH MARVIN KING,


 APPELLANT

vs.



KENNETH MARVIN KING, TEMPORARY ADMINISTRATOR OF THE ESTATE OF


MURRELL T. GREGORY, DECEASED, AND MYRTLE IDELL GREGORY, AS


SURVIVING SPOUSE OF MURRELL T. GREGORY, DECEASED,




 APPELLEES


 


FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. CV91-0764-A, HONORABLE DICK ALCALA, JUDGE PRESIDING


 



 Appellant, Kenneth Marvin King, appeals from a summary judgment granted in
favor of appellees, Myrtle Idell Gregory, surviving spouse of Murrell T. Gregory, deceased, and
King as temporary administrator of the deceased's estate. In his sole point of error, King
contends that the trial court erred in granting appellees' motion for summary judgment because
appellees did not prove as a matter of law that King failed to commence suit within the statute-of-limitations period. We will reverse the judgment. 



BACKGROUND


 This cause of action arose from an automobile accident between King and Mr.
Gregory on June 19, 1989. King first brought suit for personal injuries on June 14, 1991, naming
Mr. Gregory as the sole defendant. Mr. Gregory had died, however, on December 18, 1989. He bequeathed his entire estate, which consisted solely of personal property, to his wife. 
His will also named two executors, neither of whom was his wife. The will was not admitted to
probate and, consequently, no executor or administrator of the estate was appointed. 

 In response to the summary judgment motion based on the expiration of the statute
of limitations, King offered the affidavit of his attorney, Tim Edwards, who stated the following: 
King's attorney, Tim Edwards, filed the original petition on June 14, 1991 against Mr. Gregory;
on June 20, Edwards forwarded a copy of this petition to Kathy Freeman, a representative of Mr.
Gregory's insurance carrier. In August, the citation was returned unserved, and it was discovered
that Mr. Gregory had died. In November 1991, Edwards learned that Mr. Gregory's surviving
widow resided in a nursing home in Waco, Texas. In December 1991, Edwards began
discussions with Eugene Ives, a relative of Mr. Gregory, who initially agreed to help King appoint
a personal representative for Mr. Gregory's estate so that citation could be served. In February
1992, however, King received a letter from Sherman Stearns, attorney for Ives and Mrs. Gregory,
indicating that King would no longer be assisted. (1)

 That same month, King filed an application for temporary administration of Mr.
Gregory's estate. King later amended his application to name himself temporary administrator. 
In April 1992, citation for the application hearing was issued to Mrs. Gregory, and a copy of the
application was mailed to Ives's attorney, Stearns. Mrs. Gregory was served with citation of the
temporary administration hearing on April 27, 1992. The hearing was originally scheduled for
June 8, 1992. However, it was postponed until June 17, 1992 when King's counsel learned of
a potential conflict of interest relating to his representation of King. On June 25, 1992, the trial
court rendered an order appointing King temporary administrator. On June 30, 1992, a
suggestion of death was filed, and on July 1, 1992, the trial court issued an order allowing King
to amend his original petition.

 On July 6, 1992, King filed his first amended petition in which he named as
defendants both himself as temporary administrator of the estate and Myrtle Gregory as Mr.
Gregory's surviving spouse. The record shows that Mrs. Gregory was served with citation of the
lawsuit on July 14, 1992. Defendants subsequently filed their motion for summary judgment in
February 1993.



 STANDARD OF REVIEW


 A movant for summary judgment must establish that there is no genuine issue of
material fact and that he is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548 (Tex. 1985). All evidence favorable to the nonmovant
will be taken as true; every reasonable inference must be indulged in favor of the nonmovant and
any doubts resolved in his favor. Id. at 548-49. 

 When summary judgment is sought on the ground that suit is barred by the statute
of limitations, the defendant-movant assumes the burden of showing as a matter of law that the
suit was barred by the statute of limitations. Delgado v. Burns, 656 S.W.2d 428, 429 (Tex.
1983). Once the movant establishes a right to summary judgment, the plaintiff-nonmovant in his
response must expressly present any reasons to avoid movant's entitlement; such reasons must be
supported by summary judgment proof sufficient to establish a fact issue. Palmer v. Enserch
Corp., 728 S.W.2d 431, 435-36 (Tex. App.--Austin 1987, writ ref'd n.r.e.). If the nonmovant
responds with proof as a basis for "tolling" the statute, the movant then has the burden to negate
the nonmovant's pleading by proving, as a matter of law, that there is no genuine issue of fact
concerning the nonmovant's failure to commence suit within the statute-of-limitations period. See
id. at 436. 



DISCUSSION


 The summary judgment proof brought by both sides shows that the two-year statute
of limitations applies and that the statute was tolled for one full year due to Mr. Gregory's death. (2) 
See Tex. Civ. Prac. & Rem. Code Ann. §§ 16.003(a), .062(a), (b) (West 1986). (3) There is no
dispute that the cause of action was required to be brought by June 19, 1992. Also, it is
uncontroverted that King first brought suit against Mr. Gregory on June 14, 1991. Because Mr.
Gregory was deceased, however, King did not name a proper party; he should have named Mr.
Gregory's personal representative or his heirs or beneficiaries. See Price v. Estate of Anderson,
522 S.W.2d 690, 691 (Tex. 1975). King concedes that his first amended petition, naming Mrs.
Gregory as surviving spouse and himself as temporary administrator, was not filed within the
statutory limitations period. In his sole point of error, King relies upon the supreme court's
decision in Rooke v. Jenson, 838 S.W.2d 229 (Tex. 1992), arguing that the trial court erred in
barring his claim on the basis of limitations.

 In Rooke, a personal injury plaintiff sued an alleged tortfeasor; upon service of
process, plaintiff learned that the tortfeasor had died. Plaintiff then amended her petition to name
the wife of the deceased, the sole beneficiary and executor named in the will, as defendant in her
capacity as executor. The wife sought to probate the will through muniment of title, a procedure
for which no executor is required. After limitations had run, the daughter of the deceased was
appointed executor. When plaintiff again amended her petition to substitute the daughter as
executor, the daughter responded with a motion for summary judgment based on limitations. The
supreme court noted that at the time the plaintiff first amended her petition, the daughter had
learned of the suit filed against the executor of the estate. The court accordingly held that
"limitations may not be asserted by an individual who assumes the job of execut[or] with full
knowledge that, prior to the running of limitations, a claim involving the deceased had already
been filed, naming the presumed execut[or] as defendant." Rooke, 838 S.W.2d at 230. The
supreme court was persuaded by the fact that it was "undisputed" that the daughter had been
aware that the "execut[or]" was being sued since the time her mother was served, and that the
daughter was represented by the same attorney that represented her mother. Id. In reaching its
decision, the supreme court relied on its earlier decision in Price v. Estate of Anderson, 522
S.W.2d 690 (Tex. 1975). 

 In Price, a personal injury plaintiff brought suit naming only the estate of the
deceased as defendant. Citation was served upon the temporary administrator of the deceased's
estate. The temporary administrator forwarded the citation to the attorney who had represented
the deceased's insurance carrier. The attorney filed motions and answers on behalf of the estate
and eventually filed a motion to dismiss based on limitations. In response, the plaintiff amended
her original petition to name both the estate and the temporary administrator as defendants. The
temporary administrator answered with a general denial and a motion to dismiss with prejudice
based on limitations. The supreme court concluded that it would be a misapplication of limitations
to bar plaintiff's action. Price, 522 S.W.2d at 692. The purpose of the suit and the nature of the
claim asserted were clear from the outset, and the temporary administrator answered for the
"estate" and participated in all proceedings affecting the case. The supreme court stated:



While petitioner had made a mistake in her original petition as to the defendant that
should have been sued, respondent was at all times fully cognizant of the facts and
could not have been misled as to the basis of the suit, nor was he placed at any
disadvantage in obtaining relevant evidence to defend the same.



Id.

 Edwards's affidavit, which was attached to King's response to the motion to
summary judgment, provides summary judgment proof that Mrs. Gregory was served with citation
in April 1992 for the June hearing on appointment of temporary administrator within the
limitations period. The affidavit also shows that, within the limitations period, Mr. Gregory's
relative, Ives, had discussions with King's attorney concerning the appointment of a personal
representative so that King could serve citation for his suit. Moreover, the affidavit asserts that
Stearns represents both Ives and Mrs. Gregory, and that either Mrs. Gregory or Mr. Ives
consulted with Mr. Gregory's insurance carrier before Stearns notified King that he would no
longer be assisted in the appointment of a personal representative. Although Mrs. Gregory was
never served with citation on the underlying tort suit in any capacity before the expiration of the
limitations period, (4) King's summary judgment proof suggests that she had sufficient knowledge
of King's tort suit and his attempt to proceed with the suit by the service of citation on a personal
representative of Mr. Gregory's estate for this case to fall within the spirit of the holdings in
Rooke and Price. The supreme court explained in Price that "[t]he primary purpose of a statute
of limitations is to compel the exercise of a right of action within a reasonable time so that the
opposing party has a fair opportunity to defend while witnesses are available and the evidence is
fresh in their minds." Id. The statute of limitations was not designed "to provide a log behind
which opportunistic defendants could smugly lay for two years and then emerge solemnly
proclaiming statutory rights. . . ." Rooke, 838 S.W.2d at 230 (quoting Castro v. Harris County,
663 S.W.2d 502, 505 (Tex. App.--Houston [1st Dist.] 1983, writ dism'd). We thus conclude that
the affidavit presents a genuine fact issue as to whether Mrs. Gregory knew of the nature and
purpose of the lawsuit before the expiration of the limitations period. Accordingly, we sustain
King's point of error, and reverse the trial court judgment and remand this cause to the trial court
for further proceedings consistent with this opinion.



 

 Jimmy Carroll, Chief Justice


Before Chief Justice Carroll, Justices Kidd and B. A. Smith


Reversed and Remanded


Filed: December 14, 1994


Do Not Publish 

1.   The Edwards affidavit states that the letter "notified me that Mr. Gregory, after
consultation with the insurance carrier, would no longer consent to serve as Temporary
Administrator." Since Mr. Gregory was deceased at the time this statement was made, we
assume Edwards intended to refer to either Mrs. Gregory or Mr. Ives.
2.   The movants supported their motion for summary judgment with the affidavit of Mrs.
Gregory's brother-in-law, Eugene Ives, along with sworn copies of Mr. Gregory's death
certificate and will.
3.   Section 16.062 provides that the statute of limitations is tolled for a maximum of one
year upon the death of a party to a suit. Tex. Civ. Prac. & Rem. Code Ann. § 16.062(a)
(West 1986). However, should an executor or administrator to the estate qualify before the
expiration of the one-year tolling maximum, the statute begins to run again at the time of
qualification. Id. at § 16.062(b). Because no administrator or executor was appointed to Mr.
Gregory's estate, limitations was tolled for the entire year. 
4.   Mrs. Gregory was never named executor of the estate and never assumed the role. As
noted earlier, there was no executor, temporary administrator or any other personal
representative of Mr. Gregory's estate until King's appointment on June 25, 1992.