Victor WALLS, Appellant,

v.

TRAVIS COUNTY and Travis County Sheriff's Department, Appellees.

No. 03–96–00647–CV.

Court of Appeals of Texas, Austin.

Jan. 8, 1998.

Rehearing Overruled Feb. 12, 1998.

Gregory T. Bourgeois, James "Beau" Eccles, Austin, for Appellant.

Ken Oden, County Atty., James M. Connolly, Asst. County Atty., Austin, for Appellees.

Before POWERS, JONES and KIDD, JJ.

KIDD, Justice.

Victor Walls, while confined in the Travis County jail, suffered second and third degree burns when another inmate threw hot water on him. The trial court, in rendering summary judgment against Walls, found the statute of limitations barred Walls' suit against Travis County. We hold to the contrary, reverse the trial-court judgment, and remand the cause.

### The Controversy

In March 1993, another inmate in the Travis County jail picked up a container of near-boiling water and threw the water on Walls, who was transported to the hospital for treatment of burns to his face, chest, and arms. In April 1993, Walls notified the Travis County Commissioners Court and the Travis County Attorney's office of his claim against the county. Travis County investigated Walls' claim and made a settlement offer shortly before the expiration of the applicable two-year statute of limitations.[1] Walls filed a hand-written petition in county court on the last day of limitations. His petition named Travis County as the defendant and gave its correct address for service. The printed face of the citation was directed to Travis County and gave its correct address; however, a handwritten notation directed service upon the sheriff's office. The return of service recited that the citation had been served on "Travis County by delivering to Internal Affairs Michael G. Hemby." It is not controverted that Hemby at that time was an employee of the Travis County Sheriff's office.

An assistant county attorney filed an answer. The county attorney's office represents Travis County and the sheriff's office as a part of county government.[2] The answer was filed by an attorney with authority to act for the county, and with knowledge of the relationship between the county and the sheriff's office. Although the petition attached to the citation clearly named Travis County as the defendant, the answer was filed on behalf of Terry Keel as sheriff. Although the answer disclaimed that Terry Keel was a proper defendant, it went on to interpose a general denial and raise the affirmative defense of sovereign immunity.[3] Travis County subsequently entered into a Rule 11 agreement concerning discovery, which referred to "Victor Walls v. Travis County" and which was signed "Attorney for Defendant." All of the defendant's objections and responses to interrogatories opened with, "Comes Now Defendant Travis County" and was signed "Attorney for Defendant Travis County." Travis County then filed an answer that was clearly on behalf of "Travis

---

1. The parties agree that a two-year statute of limitations applies.

2. *See County of Brazoria v. Radtke,* 566 S.W.2d 326, 328–29 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.) (county liable for acts of sheriff as a part of county government).

3. Travis County did not properly plead a defect in parties because it failed to file a verified pleading. Tex.R. Civ. P. 93.

County" as an entity. This answer raised sovereign immunity as a defense, but still did not plead that the statute of limitations barred the claim.[4]

In its motion for summary judgment, Travis County for the first time claimed limitations barred Walls' suit, relying on the rule that a plaintiff must not only file his suit within the limitations period, but also use diligence to secure service of citation. On appeal, Walls contends that the trial court erred in rendering judgment that limitations barred his claims. We agree.

### Limitations

 The general purpose of a statute of limitations is to "compel the exercise of a right of action within a reasonable time so that the opposing party has fair opportunity to defend, while witnesses are available and evidence is fresh in their minds." *Price v. Estate of Anderson*, 522 S.W.2d 690, 692 (Tex.1975). A statute of limitations ensures that adverse parties receive notice of a claim to prevent "fraudulent and stale claims from springing up at great distances of time and surprising the other party." *Hallaway v. Thompson*, 148 Tex. 471, 226 S.W.2d 816, 820 (1950). Statutes of limitations should not apply in situations in which no party is misled or disadvantaged by an error in pleading. *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 434 (Tex.App.—Austin 1987, writ ref'd n.r.e.). At times, courts apply limitations rules equitably rather than rigidly. *Hernandez v. Furr's Supermarkets, Inc.*, 924 S.W.2d 193, 196 (Tex.App.—El Paso 1996, writ denied); *Palmer*, 728 S.W.2d at 433.

*"Wrong Defendant"*

 When the wrong defendant is sued and the proper defendant is not named until after limitations has expired, suit against the proper defendant will not be barred as long as the record reflects that there exists a special relationship between the two defendants such that the added defendant was aware of the facts, not misled, and not disadvantaged in preparing a defense. *Enserch v. Parker*, 794 S.W.2d 2, 6 (Tex.1990); *Palmer*, 728 S.W.2d at 433. In determining whether to sustain the application of a limitations statute, the reviewing court should examine the entire record to decide whether the unsued party had notice and reasonable opportunity to defend. *Castro v. Harris County*, 663 S.W.2d 502, 505 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd w.o.j.); *see Howell v. Coca-Cola Bottling Co. of Lubbock, Inc.*, 595 S.W.2d 208, 212 (Tex.Civ.App.—Amarillo 1980, no writ).

In *Castro*, the plaintiffs sued "Harris County" to recover for injuries sustained in a collision with a truck owned by the Harris County Flood Control District. 663 S.W.2d at 503. After the expiration of limitations, Harris County filed a plea in bar, and the plaintiffs then amended their petition to name the "Harris County Flood Control District" as the proper defendant. *Id.* at 504. The Harris County Flood Control District then filed a plea of limitations. The trial court sustained both pleas, and the plaintiffs appealed. *Id.* The Houston Court of Appeals reversed the dismissal, noting that the district had received appellants' notice of injury and claim within three weeks after the injury arose and the county attorney's office, which represented both entities, knew that the district was the true target of the suit. *Id.* at 505. The court also noted that the Harris County Flood Control District is not a separate unit of government but part of the county government unit. *Id.* The concurring opinion noted that it was inappropriate for government officials to play a "shell game" with citizen litigants, stating that the county

---

4. The statute of limitations is an affirmative defense that must be set forth "in a pleading to a preceding pleading." Tex.R. Civ. P. 94. In its brief on appeal, Travis County refers to its answer as having raised limitations as a defense. The answer did contain a sentence stating that the county asserts "sovereign immunity and the exemptions, exceptions and limitations of the Texas Tort Claims Act." Because the Tort Claims Act itself does not contain a section setting out a statute of limitations but does have a section entitled "Limitations on Amount of Liability" we think the pleading was ambiguous and question whether it was adequate to satisfy Rule 94 as the pleading appears to refer to the liability-limitation section of the Tort Claims Act. However, stronger reasons than waiver exist to hold the defense of limitations unavailable to Travis County.

attorney's office "represents no ordinary party to a controversy, but a client whose chief business is to establish justice, not to achieve victory." *Id.* at 506.

In *Rooke v. Jenson,* 838 S.W.2d 229 (Tex. 1992), the defendant was the dead tort-feasor's wife, who was the named executrix in the will. *Id.* The will was probated as a muniment of title, avoiding the need for an executrix. Upon the plaintiff's motion to seek appointment of an executrix, the couple's daughter was appointed as executrix. *Id.* After the plaintiff amended her petition to sue the newly named executrix, the executrix moved for summary judgment based on limitations. *Id.* The ultimate defendant sought to distinguish cases that refused to apply limitations under similar circumstances on the grounds that the party finally named as defendant in her case was not the person previously served. *Id.* at 230. The court noted her knowledge of the suit and representation by the same attorney as represented her mother and refused to apply limitations. It then stated that the Houston Court of Appeals "appropriately determined" the law in *Castro* when it stated that "the statute of limitation herein involved was not created to provide a log behind which opportunist defendants could smugly lay for two years and then emerge solemnly proclaiming their rights." *Id.*

*Due Diligence in Service*

■ In its motion for summary judgment, Travis County relied on the rule that to toll the statute of limitations, a plaintiff must not only file suit within the limitations period, but also must exercise due diligence in procuring the issuance and service of citation. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex. 1990). Due diligence is that diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances. *Gonzalez v. Phoenix Frozen Foods, Inc.,* 884 S.W.2d 587, 590 (Tex.App.—Corpus Christi 1994, no writ). Cases finding a lack of due diligence in procuring the issuance and service of citation fall into two general categories: (1) a case is filed within limitations, but service is not attempted until several months after limitations has run, *Gonzalez,* 884 S.W.2d at 590 (original

petition amended to add new defendants who were not served until five months after limitations expired); *Liles v. Phillips,* 677 S.W.2d 802, 809 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.) (suit filed within limitations but no service attempted until ten months after limitations expired); or (2) a case is filed within limitations, prompt service is attempted but is unsuccessful, and repeated attempts at service are not timely made, *Perry v. Kroger Stores Store No. 119,* 741 S.W.2d 533, 535 (Tex.App.—Dallas 1987, no writ) (petition filed on last day of limitations period, service served on wrong address and returned unexecuted; no further attempt at service for eight months); *Hamilton v. Goodson,* 578 S.W.2d 448, 449 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ) (petition filed within limitations period, service returned unexecuted after limitations period; no repeat attempt at service for six months).

■ The cases concerning diligence in service are distinguishable from the current cause. Here, there was no period of unexplained inactivity on Walls' part. He filed suit within the limitations period and citation issued promptly. An executed citation was returned. Travis County did not properly raise a defect in parties, nor move to quash service. Tex.R. Civ. P. 93, 122. Instead, it entered an answer combining a denial that the sheriff's department was a proper defendant with a general denial and affirmative defense and then, during discovery, behaved as if Travis County were properly before the court as a defendant. At the very least, Travis County's actions would have raised a fact issue whether Walls had exercised due diligence, making summary disposition improper.

More importantly, we think that the cases such as *Castro* set out the appropriate analysis. The principles enunciated in these "wrong defendant" cases apply to this cause although Walls actually named the correct defendant in his petition. *See Rooke,* 838 S.W.2d at 230. Walls filed a claim with Travis County approximately one month after the incident. Travis County investigated his claims and made a settlement offer just before the expiration of the statute of limitations. Walls named Travis County as the

defendant in the original petition, and the attorney responsible for representing Travis County filed an answer to the suit. The sheriff's office is a party of county government as was the water district in *Castro*. As discussed above, Travis County's actions show it was not misled. It had notice of Walls' claim, time to investigate the claim, and a reasonable opportunity to defend itself against the claim.

Accordingly, we sustain Walls' point of error. We reverse the trial-court judgment and remand the cause for further proceedings in accordance with this opinion.