James WOJCIK, Janette Medlin, Diane Wojcik, and Veronica White, Appellants,

v.

Sophie WESOLICK, Independent Administratrix of the Estate of Adam Wojcik, Deceased, Appellee.

No. 14–00–01201–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 16, 2003.

James L. Franklin, Jo Ann Miller, Conroe, Kyle Allen Frazier, Shelley M. Solloway, Houston for appellants.

Kenneth A. Keeling, Huntsville, for appellee.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

This appeal arises out of a will contest. Appellants/will contestants James Wojcik, Janette Medlin, Diane Wojcik, and Veronica White (collectively "Contestants") challenge the trial court's summary judgment against them. Appellee Sophie Wesolick, Independent Administratrix of the Estate of Adam Wojcik, Deceased (the "Wojcik Estate") maintains the trial court properly granted summary judgment because the Contestants did not join two will beneficiaries as parties to their will contests. Under the unambiguous language of the Texas Probate Code, the Contestants were not required to join these will beneficiaries as parties. Therefore, we sustain the Contestants' second issue and reverse and remand for further proceedings.

I. FACTUAL AND PROCEDURAL BACKGROUND

Sophie Wesolick, Gerald Slott, and Elizabeth Novark filed an application to probate the will of Adam Wojcik. Wesolick, Slott, and Novark alleged that they were the only distributees named in Adam Wojcik's holographic will and asked the court to designate Wesolick as independent ad-

ministratrix. They also "waive[d] the issuance and service of citation and enter[ed] their appearance in that cause for all purposes." The trial court admitted the will to probate and appointed Wesolick independent administratrix. Veronica White later filed a will contest because the will had holes physically cut in it, suggesting that some of the distributees had been cut out of the will, literally. White also alleged that Wesolick's name was in a different color ink and that someone other than Adam Wojcik may have added Wesolick's name later, thereby invalidating the holographic will. Thereafter, Diane Wojcik and James Wojcik also filed will contests. Janette Medlin intervened but sought no affirmative relief.[1]

The Wojcik Estate filed a motion for summary judgment asserting that all necessary and indispensable parties were not joined in the will contest within the limitations period. Specifically, the Wojcik Estate argued the will contest was time-barred because (1) all of the beneficiaries named in the will were not joined as parties or served with citation during the two-year limitations period applicable to will contests; and (2) all persons who would inherit if the will fails were indispensable parties, and they were not joined as parties or served with citation during the limitations period. The trial court granted the Wojcik Estate's motion.

## II. ISSUES PRESENTED

The Contestants assert the trial court erred because (1) heirs at law are not indispensable parties to a will contest; (2) the Texas Probate Code does not require the joining of all beneficiaries; (3) the named beneficiaries were properly before the court because they signed the application to probate the will and because Slott

and Novark signed waivers of service; (4) the Wojcik Estate should be foreclosed from obtaining summary judgment on the ground that the deceased's heirs at law were not made parties to the suit because the Wojcik Estate did not name all of them as potential parties in response to discovery requests; and (5) the Wojcik Estate should have challenged the failure to join allegedly indispensable parties by a motion to abate rather than by a motion for summary judgment.

## III. STANDARD OF REVIEW

The standard for reviewing this summary judgment is whether the Wojcik Estate has shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). In conducting our review, we take as true all evidence favorable to the Contestants, and we make all reasonable inferences in their favor. *See id.* The Wojcik Estate is entitled to summary judgment if it has pleaded and conclusively established each element of its affirmative defense of statute of limitations. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

Because the trial court did not specify the grounds for its ruling, we will affirm if any of the theories advanced in the motion has merit. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). Although the Wojcik Estate asserted two grounds in its motion for summary judgment, it has abandoned one of those grounds on appeal, stating in its brief that it "does not contend at this time that heirs are necessary and indispensable parties to a will contest." Because the Wojcik Estate has

1. For ease of reference, we refer to appellants collectively as "Contestants," even though

Medlin did not seek affirmative relief in the trial court.

abandoned this ground on appeal, we do not address it in this opinion, and we do not address the Contestants' first and fourth issues, which deal only with this ground. *See Hall v. Tomball Nursing Ctr., Inc.,* 926 S.W.2d 617, 619 (Tex.App.-Houston [14th Dist.] 1996, no writ) (holding that court of appeals need not address ground in motion for summary judgment that appellee abandons on appeal).

## IV. ANALYSIS

### A. Were the Contestants required to join Slott and Novark?

▮ On appeal, the Wojcik Estate asserts that section 93 of the Texas Probate Code bars the will contests in this case because the Contestants did not join Slott and Novark within two years of the admission of the will to probate. *See* TEX. PROB. CODE § 93. In this argument, the Wojcik Estate asserts that Texas Rule of Civil Procedure 39, entitled "Joinder of Persons Needed for Just Adjudication," applies to will contests and requires a will contestant to join all beneficiaries under the will as necessary and indispensable parties. Of the three beneficiaries allegedly named in the will, the Wojcik Estate admits Wesolick was properly joined, but it complains the Contestants did not join the other two—Slott and Novark.

▮ In their second issue, the Contestants assert that, under the unambiguous language of the Probate Code, will contestants are not required to join beneficiaries such as Slott and Novark. We agree. The Probate Code does not require joinder of all interested persons in a will contest. *See Jones v. LaFargue,* 758 S.W.2d 320, 323 (Tex.App.-Houston [14th Dist.] 1988, writ denied). Nor does it generally require service of citation, or even notice. Section 33(a) of the Probate Code states that no person need be joined as a party or

given notice of proceedings under the Probate Code unless the Probate Code expressly so provides:

(a) **When Citation or Notice Necessary.** No person need be cited or otherwise given notice except in situations in which this Code expressly provides for citation or the giving of notice; provided, however, that even though this Code does not expressly provide for citation, or the issuance or return of notice in any probate matter, the court may, in its discretion, require that notice be given, and prescribe the form and manner of service and return thereof.

TEX. PROB.CODE § 33(a). The Probate Code does not expressly provide that a will contestant must join or give notice of the will contest to any party. *See id.* § 93; *Jones,* 758 S.W.2d at 323. Though a probate court has discretion to require notice, there is no evidence the court did so in this case. *See* TEX. PROB.CODE § 33(a).

We review the trial court's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 655–56 (Tex.1989). In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id.*

An essential aspect of the Wojcik Estate's argument is that Rule 39 applies to

will contests and requires that will contestants join necessary and indispensable parties. This argument fails because it is contrary to the unambiguous language of the Probate Code. Significantly, the Texas Rules of Civil Procedure apply to will contests only to the extent they do not differ from the procedure established by the Probate Code. *See* Tex.R. Civ. P. 2; *Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 812 (Tex.1983); *see also Johnstone v. State,* 22 S.W.3d 408, 409 (Tex.2000) ("[W]hen a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Texas Government Code section 22.004."). Under the unambiguous language of section 33(a) of the Probate Code, it is not necessary to join any person as a party or give notice of probate proceedings unless the Probate Code expressly so provides. No provision of the Probate Code expressly provides that will contestants must join or give notice to will beneficiaries or to any other parties. Because Rule 39 conflicts with the unambiguous language of the Probate Code, it does not apply to these will contests. *See* Tex.R. Civ. P. 2; *Cunningham,* 660 S.W.2d at 812. Texas is one of a handful of states in this country with a will-contest statute that does not require notice to interested parties. *See Petty v. Call,* 599 S.W.2d 791, 793–94 (Tenn.1980) (noting that Tennessee was one of seven states at that time whose will-contest statute did not require that will contestants join or notify interested parties).

Two rules of statutory construction arguably might apply here. First, if there are two reasonable interpretations of a statute and if one would lead to an absurd result and the other would not, then we must choose the reasonable interpretation that avoids an absurd result. *See C & H Nationwide, Inc. v. Thompson,* 903 S.W.2d 315, 322 & n. 5 (Tex.1994). Second, if there are two reasonable interpretations of a statute and if one would make the statute unconstitutional and the other would not, then we must choose the reasonable interpretation that avoids the constitutional infirmity. *See State v. Hodges,* 45 Tex. Sup.Ct. J. 1117, 1118–20, 92 S.W.3d 489, 494–96 (2002); *State v. Shoppers World, Inc.,* 380 S.W.2d 107, 111 (Tex.1964). Notably, however, both of these rules require that each of the competing statutory interpretations be reasonable. *See Hodges,* 45 Tex. Sup.Ct. J. at 1118–20, 92 S.W.3d at 494–96; *C & H Nationwide, Inc.,* 903 S.W.2d at 322 & n. 5; *Shoppers World, Inc.,* 380 S.W.2d at 111. Because there is no reasonable interpretation under which the Probate Code would require that will contestants join or give notice to interested parties, these two rules of statutory interpretation do not apply.

We must take the Probate Code as we find it, truly and fairly interpreting and applying it as written. *See St. Luke's Episcopal Hosp.,* 952 S.W.2d at 505. We are not responsible for any omissions in the statute. *See id.* The Texas Legislature did not include a requirement compelling the joinder of interested parties to a will contest. Though our lawmakers might in the future elect to re-examine section 33 of the Probate Code and require that will contestants join or give notice to will beneficiaries, unless and until they do, we must apply the statute as it is written. *See id.* Under the unambiguous language of the Probate Code, the Contestants were not required to join Slott and Novark. To the extent the *Kotz* and *Jennings* courts hold to the contrary, we respectfully disagree with those courts. *See Kotz v. Kotz,* 613 S.W.2d 760, 761 (Tex.Civ.App.-Beaumont 1981, no writ) (admitting that Probate Code does not require citation and notice for will contests but requiring notice to

avoid constitutional problems, even though it appears that no party asserted the Probate Code was unconstitutional); *Jennings v. Srp,* 521 S.W.2d 326, 328–29 (Tex.Civ. App.-Corpus Christi 1975, no writ) (stating that sections 33 and 93 of the Probate Code do not expressly require joinder of any party to a will contest but applying Rule 39 to will contest without addressing section 33's requirement that the Probate Code expressly provide for joinder).

## B.  Is the constitutionality of any statute before this court?

No party in this case has challenged the constitutionality of any statute, including section 33(a) of the Probate Code, either in the trial court or on appeal.  We presume that all statutes applicable in this case are constitutional.  *See Edgewood Indep. Sch. Dist. v. Meno,* 917 S.W.2d 717, 725 (Tex. 1995).  Any party alleging that a statute is unconstitutional has the burden of proving all facts necessary to show that the statute is unconstitutional.  *See id.; Tex–Air Helicopters, Inc. v. Galveston County Appraisal Review Bd.,* 76 S.W.3d 575, 584–85 (Tex. App.-Houston [14th Dist.] 2002, pet. denied).  The appellate record in this case lacks the evidence that would be relevant to a constitutional inquiry—for example, evidence as to Slott's and Novark's awareness of the will contests.  *See Dispensa v. Univ. State Bank,* 987 S.W.2d 923, 928 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (finding no due-process violation because party received actual notice in time to allow an opportunity to be heard).  Because no party challenged the constitutionality of any statute applicable in this case, the constitutionality of these statutes is not before this court.  *See Dreyer v. Greene,* 871 S.W.2d 697, 698 (Tex.1993); *Mallicoat v. Poynter,* 722 S.W.2d 681, 682 (Tenn.Ct. App.1986) (holding that constitutionality of Tennessee probate procedure that does not require notice to interested parties in will contests was not before appellate court when no constitutional challenge was made in the trial court).  Consequently, in this case, we need not make a determination as to the constitutionality of the Probate Code regarding notice to interested parties in will contests.  That is an issue for another case and another day.

## V.  Conclusion

The only summary-judgment ground asserted by the Wojcik Estate on appeal is that section 93 of the Probate Code bars the will contests in this case because the Contestants did not timely join Slott and Novark.  Because the Wojcik Estate has abandoned its other summary-judgment ground, we need not address it or the Contestants' first and fourth issues.  Under the unambiguous language of the Probate Code, the Contestants were not required to join Slott and Novark.  Because no party challenged the constitutionality of any statute applicable in this case, the constitutionality of these statutes is not before this court.  Therefore, we sustain Contestants' second issue, reverse the trial court's judgment, and remand this case for further proceedings consistent with this opinion.  Because we have granted the Contestants the relief they seek, we need not address their third and fifth issues.

BRISTER, C.J., and ANDERSON, J., concurring.

SCOTT BRISTER, Chief Justice, concurring.

I agree with the Court that the Texas Probate Code does not require joinder of the devisees in this will contest.  I write separately because I doubt this is either a legislative mistake or constitutionally questionable.

All parties here are nieces and nephews of the testator.  Three of them (two sisters

and a cousin) filed a document requesting probate of the challenged will and appointment of one of them (Sophie Wesolick) as the estate's representative. Allowing for holes cut in the proffered will, only these three were named as devisees. Their application purported to waive service "for all purposes," though the form was defective. *See* Tex.R. Civ. P. 119 (requiring that waiver of service acknowledge receipt of petition and show execution after suit filed).

Within six months, appellants began to file will contests. Several of the contests named all three devisees, and were sent to the attorney listed on their application for probate. Wesolick, now the estate's representative, waited 22 months to complain that her fellow devisees should be joined and served separately. This was 26 months after the will was admitted to probate, and thus four months after limitations had run. *See* Tex. Probate Code § 93. The trial court agreed, and dismissed all contests.

The Probate Code does not generally require service of citation, or even notice. *See id.* § 33(a). While service is required in a few specific circumstances, a will contest is not one of them. *See id.* § 93. The legislature may have chosen not to require personal service on devisees in a will contest as they are the claimants who started the proceeding. They can keep themselves informed by simply requesting the clerk to give them notice of everything filed in the case. *See id.* § 33(j). Because the summary judgment here did not prove otherwise, we must assume they were so informed, and simply lay behind a log till limitations passed.

In any event, I believe personal service here was unnecessary because of the joinder of Wesolick, the devisees' virtual representative. Forty years ago, the Texas Supreme Court held that when a will contest is brought against an estate's representative, other devisees are proper but not indispensable parties under the doctrine of virtual representation.[1] *Mason v. Mason,* 366 S.W.2d 552, 553 (Tex.1963). While the doctrine would not apply if a conflict of interest, collusion, or fraud were to keep the representative from effectively representing the interests of the devisees, *id.* at 554, there was neither allegation nor proof of such problems here.[2] As movant for summary judgment, Wesolick was required to prove the devisees were indispensable parties as a matter of law; by failing to even address virtual representation and *Mason,* she has failed to do so.[3]

One of my colleagues finds *Mason* "no longer useful" because constructive notice prevents devisees "from relying upon an executor." But the question in this case is not whether the devisees *knew* of the suit, but whether they had to be *served.* Constructive or even actual notice is not enough when service of citation is re-

---

**1.** Virtual representation allows a non-party to be deemed a party if the non-party's interests: (1) are determined by the judgment; (2) appear from the record; and (3) are identical to those of a party to the judgment. *Motor Vehicle Bd. of Tex. Dept. of Transp. v. El Paso Independent Auto. Dealers Ass'n, Inc.,* 1 S.W.3d 108, 110 (Tex.1999). Each is certainly the case here.

**2.** The Probate Code's appellate provisions incorporate the doctrine of virtual representation, allowing devisees to appeal any order affecting them even if they never join in the will contest. *See* Tex. Prob.Code §§ 3(r), 31, & 312(e); *compare San Juan 1990–A, L.P. v. Meridian Oil Inc.,* 951 S.W.2d 159, 163–64 (Tex.App.-Houston [14th Dist.] 1997, pet. denied) (holding virtual representation allows a non-party to appeal from a judgment).

**3.** Counsel for Wesolick cited only the intermediate appellate court's opinion in *Mason,* noted that it was reversed by the supreme court, but alleged reversal was on "other grounds."

quired. *See Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990) (actual receipt of process insufficient to support default when service was defective). I also doubt that virtual representation has disappeared from the trial courts—trustees and executors remain parties whose actions bind the beneficiaries of their representation. *See Rooke v. Jenson,* 838 S.W.2d 229, 230 (Tex. 1992); *Hedley Feedlot, Inc. v. Weatherly Trust,* 855 S.W.2d 826, 832 (Tex.App.-Amarillo 1993, writ denied). But even if *Mason* is wrong, we still must follow it until the Supreme Court says otherwise. *See Lubbock County v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 585 (Tex. 2002).

Here, the estate's representative knew her sister and cousin would be affected by a will contest, yet waited until limitations had passed to "protect" them. Statutes of limitation were not created "to provide a log behind which opportunistic defendants could smugly lay [sic] for two years and then emerge solemnly proclaiming their statutory rights." *Rooke,* 838 S.W.2d at 230 (quoting *Castro v. Harris County,* 663 S.W.2d 502, 505 (Tex.App.-Houston [1st Dist.] 1983, writ dism'd)). Thus, I agree the trial court erred in dismissing the will contest for failure to serve the devisees.

JOHN S. ANDERSON, Justice, concurring.

I concur with the majority's conclusion that devisees of a will need not be served with notice when a will contest is initiated, but for a reason not mentioned in that opinion. Moreover, I respectfully disagree with Chief Justice Brister's concurring opinion as to the availability of virtual representation in this context.

**A. Constructive Notice**

In sustaining appellants' second issue, the majority holds that, based on the si-

lence of Probate Code sections 33(a) and 93 as to the need for service of citation in a will contest, the Code does not require the joining of all devisees within two years after a will has been admitted to probate. It is abundantly clear why those provisions of the Code are silent on what would otherwise be a due process issue of notice. The devisees under a will are "interested persons" as such term is defined in section 3 of the Probate Code. Probate Code section 3(r) defines "interested persons" to include heirs, devisees, spouses or any others having a property right in, or claim against, the estate being administered. TEX. PROB.CODE ANN. § 3(r) (Vernon Supp. 2003). Section 3(i) provides that the term "devisee" includes legatee, and section 3(s) defines "legatee" as including any person entitled to a legacy under a will. *Id.* That devisees are interested persons within the context of the Probate Code is a critical factor in my conclusion that will contestants need not serve devisees with notice of the will contest.

Persons interested in an estate admitted to probate are charged with notice of the contents of the probate records. *Mooney v. Harlin,* 622 S.W.2d 83, 85 (Tex.1981). This doctrine of constructive notice creates an irrebuttable presumption of actual notice. *Id.* Consequently, the devisees, as interested persons under the Wojcik will, are charged with constructive notice of the filing of the contest to the validity of that will, inasmuch as they are charged with constructive notice of the actual knowledge one could gain by an examination of public records. *Id.* A *fortiori,* the will contestants had no need to serve notice of the will contest on the Wojcik will devisees, as they were on constructive notice of the filing of same. In my view, the longstanding application of the doctrine of constructive notice to those persons interested in an estate explains the silence in sections 33

and 93 regarding service of citation on the devisees by those initiating a will contest. Accordingly, I agree with the majority's conclusion that will contestants need not serve other interested persons, but reach that result on a basis not addressed in the majority opinion.

## B. Virtual Representation

Chief Justice Brister's concurring opinion in this trilogy asserts that personal service in the will contest was unnecessary because of the joinder of Wesolick, the devisees' virtual representative. I reject the notion that the doctrine of virtual representation supports the absence of a statutory duty on the will contestants to serve the will devisees. It is undisputed that constructive notice is applicable to persons interested in an estate. *Mooney*, 622 S.W.2d at 85. However, the law of constructive notice prevents any devisee from relying upon an executor or administrator to defend that person's interests. *Little v. Smith*, 943 S.W.2d 414, 425 (Tex.1997) (Enoch, J., concurring) (citing *Jennings v. Srp*, 521 S.W.2d 326, 330 (Tex.Civ.App.-Corpus Christi 1975, no writ)). This removal of reliance by devisees on the executor of an estate continues to be recognized and applied. *In re Estate of McGarr*, 10 S.W.3d 373, 377 (Tex.App.-Corpus Christi 1999, pet. denied).

Virtual representation has not been applied in a probate context other than in *Mason v. Mason*, 366 S.W.2d 552, 553 (Tex.1963). Today, it appears the doctrine is relegated to the status of an exception to the general rule for *appellate* standing that only parties of record may exercise the right of appeal. *Gunn v. Cavanaugh*, 391 S.W.2d 723, 725 (Tex.1965). Such exception exists when the appellant is deemed to be a party of record under the doctrine of virtual representation. *Motor Vehicle Bd. of Tex. Dept. of Transp. v. El Paso Indep. Auto Dealer's Ass'n, Inc.*, 1 S.W.3d 108, 110 (Tex.1999). To claim virtual representation, an *appellant* must show that (1) it is bound by the judgment, (2) its privity of estate, title, or interest appears from the record, and (3) there is an identity of interest between the appellant and a party to the judgment. *Id.* The supreme court's decisions in *Little* and *El Paso Independent Auto Dealer's Ass'n* suggest that virtual representation is no longer useful for purposes of resolving issues not related to appellate standing. In light of the application of constructive notice to persons interested in an estate, the doctrine of virtual representation is needlessly repetitive and superfluous. Accordingly, I disagree with Chief Justice Brister's reliance on the doctrine of virtual representation to support the majority's result.