# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00125-CV

**Jimmy Ray Sepeda and Hortencia Sepeda, Appellants**

**v.**

**Madison Revolving Trust 2017; Select Portfolio Servicing, Inc.; and
Shapiro Schwartz, LLP, Appellees**

### FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY
NO. 1051-21, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jimmy Ray Sepeda and Hortencia Sepeda, appearing pro se, appeal from the trial court's judgment dismissing their claims against Select Portfolio Servicing, Inc., Madison Revolving Trust 2017, and Shapiro Schwartz, LLP, pursuant to Texas Rule of Civil Procedure 91a. *See* Tex. R. Civ. P. 91a (party may move to dismiss cause of action on grounds that it has no basis in law or fact). The trial court also granted Shapiro Schwartz, LLP's no evidence motion for summary judgment. We will affirm the trial court's judgment.

## BACKGROUND

In 2006, the Sepedas took out a $79,899.88 home equity loan (the Loan) with Beneficial Financial I, Inc. (Beneficial) using their property located at 386 Hidden Oaks in Elgin (the Property) as security. In May 2010, Beneficial informed the Sepedas that their loan was in default and, in 2011, filed a rule 736 application for an order to proceed with Notice

of Foreclosure Sale and Foreclosure Sale. *See id.* R. 736.1 (application for order allowing foreclosure of lien).

In October 2012, the Sepedas filed suit in the 423rd Judicial District Court of Bastrop County, asserting claims against Beneficial for breach of contract, violation of the Texas Constitution, usury, and forgery. After three years of litigation, the suit was dismissed with prejudice in December 2015. The Sepedas then initiated an arbitration proceeding against Beneficial, asserting that it had failed to properly apply payments they had made on the Loan, had improperly declared that the Sepedas were in default, and committed insurance fraud. On summary judgment, the arbitrator ruled that (1) Beneficial did not improperly apply the Sepedas' payments pursuant to the loan agreement, (2) Beneficial gave the Sepedas proper notice of default and opportunity to cure as required by the loan agreement and applicable law, (3) the Sepedas' claim that Beneficial breached a personal credit line agreement was barred by the statute of limitations, (4) the Sepedas' insurance fraud claim was barred by limitations and was based on representations made by entities other than Beneficial, and (5) the Sepedas were not legally entitled to mental anguish or exemplary damages based on the only claim not disposed of on summary judgment—a breach of contract claim.

The arbitrator then held a hearing on the remaining issue of whether the Sepedas were in fact in default on their loan in May 2010 when Beneficial declared that their account was in default. After reviewing and considering all the evidence, the arbitrator determined that the Sepedas had been making payments of $471.09 per month, but that Beneficial's monthly statements were for amounts greater than that because of the cost to Beneficial of obtaining hazard insurance and paying delinquent property taxes on the Property that secured the loan. The arbitrator found that Beneficial's action to obtain hazard insurance and charge the Sepedas

2

for the cost of that insurance was authorized by the loan documents. The arbitrator also rejected the Sepedas' claim that they never received notices or monthly statements charging them the additional amounts for insurance. The arbitrator considered the Sepedas' claim that they should not have been charged with the amount Beneficial paid in delinquent property taxes for 2007 and 2008 and determined that, while the Sepedas had obtained a full Disabled Veteran Exemption from property taxes from 2009 forward, the exemption did not extend back to 2007 or 2008 and Beneficial properly charged them for its payment of their delinquent 2007 and 2008 property taxes. The arbitrator determined that the evidence showed that when the Sepedas made payments to Beneficial in amounts less than the monthly statements, which included charges for insurance and property taxes, the funds were placed in an account entitled "unapplied funds" as authorized by the loan documents. When Beneficial received the Sepedas' next payment, it was also placed in the "unapplied funds" account. When the amount in the "unapplied funds" account was sufficient to cover a full monthly statement, that amount was withdrawn from the "unapplied funds" and applied to the Sepedas' account. The arbitrator found that "while the accounting is confusing, it is authorized by the loan documents, and was done correctly." In its Award dated June 13, 2016, the arbitrator denied the Sepedas' claims and determined that the Sepedas were in fact in default on their loan in May 2010 when Beneficial notified them that their account was in default. The Arbitration Award stated that it was in full settlement of all claims submitted to arbitration.

One month later, in July 2016, Beneficial filed an original petition for judicial foreclosure in the 335th Judicial District Court of Bastrop County. While that case was pending, the Loan was assigned from Beneficial to Madison Revolving Trust. In October 2018, the trial court granted Madison Revolving Trust and Select Portfolio Servicing's summary judgment

3

motion and rendered a final judgment for judicial foreclosure of the Property. The Property was sold at a foreclosure sale on July 2, 2019.

On July 29, 2019, after the foreclosure sale, the Sepedas filed the proceeding underlying this appeal in the 21st Judicial District Court of Bastrop County. In a document titled "Verified First Amended Complaint/Judicial Notice/Demand for Declaratory Relief and Quiet Title," the Sepedas sought a number of specific declarations related to the foreclosure process and, ultimately a declaration that the foreclosure sale conducted on July 2, 2019, was "null, void, and of no legal effect." They also sought "[a] judgment of Quiet Title granting lawful ownership of [the Property]" to them. The Sepedas' allegations in the underlying suit arise out of Beneficial's and ultimately Madison Revolving Trust and Select Portfolio Servicing's efforts to enforce rights and obligations arising out of the Loan, including the right to judicial foreclosure, which were the subject of the above-described two previous court cases and the arbitration proceeding. Specifically, the Sepedas alleged a variety of improprieties related to the assignment of the Loan from Beneficial to Madison Revolving Trust, the appointment of Shapiro Schwartz as a substitute trustee, and the right to judicially foreclose on the Property.

Madison Revolving Trust and Select Portfolio Servicing filed a general denial and asserted as affirmative defenses that (1) the Sepedas failed to state a claim upon which relief could be granted, (2) the Sepedas' claims were barred in whole or in part by the Sepedas' failure to mitigate damages, and (3) the Sepedas' claims were barred by res judicata and collateral estoppel. Madison Revolving Trust and Select Portfolio Servicing also moved for sanctions pursuant to Texas Civil Practice and Remedies Code section 10.002, asserting that the Sepedas' claims were frivolous and made in bad faith for the purpose of harassment. *See* Tex. Civ. Prac. & Rem. Code § 10.002. They asserted that the Sepedas' claims have been repeatedly argued,

4

litigated, and decided by Bastrop County courts or by court-ordered arbitration for seven years, ending with a final judgment of foreclosure rendered by the 335th Judicial District Court of Bastrop County on October 24, 2018. Madison Revolving Trust attached to its motion for sanctions court records from the following proceedings:

- On December 17, 2015, the 423rd Judicial District Court of Bastrop County rendered final judgment dismissing with prejudice the Sepedas' claims against Madison Revolving Trust and Select Portfolio Servicing's predecessor, Beneficial Financial I Inc., for: (1) failure to give an advance copy of all closing paperwork; (2) usury; (3) violation of the Texas Constitution; (4) failure to provide an independent appraisal; (5) failure to provide a copy of the title policy; (6) illegal tie-in of a personal loan; (7) forgery; and (8) illegally charging for credit life insurance and homeowners' insurance.

- On March 7, 2016, a court-appointed arbitrator in a new suit filed by the Sepedas ruled on Beneficial's motion for summary judgment and dismissed the Sepedas' claims that defendants: (1) improperly applied mortgage payments the Sepedas made; (2) improperly gave notice of default; (3) breached the credit agreement; and (4) committed insurance fraud. The arbitrator also dismissed the Sepedas' request for mental anguish and exemplary damages.

- On June 13, 2016, the arbitrator entered his Arbitrator's Award denying the Sepedas' claims and finding that the Sepedas were in default on their loan in May 2010.

- On October 24, 2018, the 335th Judicial Court of Bastrop County entered an order granting plaintiff Madison Revolving Trust's motion for summary judgment for foreclosure. The court denied the Sepedas' motion for summary judgment.

- On January 7, 2019, the Sepedas' motion for new trial was overruled by operation of law and the Sepedas did not appeal the final judgment of foreclosure.

Madison Revolving Trust and Select Portfolio Servicing argued that the underlying proceeding constituted an impermissible collateral attack on the judgment of foreclosure, that the claims were barred by res judicata and collateral estoppel, and that the Sepedas brought this suit for no purpose other than harassment. The court granted the motion for sanctions, finding that the Sepedas' claims against Madison Revolving Trust and Select Portfolio Servicing were

5

groundless and brought in bad faith for the purpose of harassment. The court dismissed the claims with prejudice and ordered the Sepedas to pay $4,200.00 in sanctions, representing Madison Revolving Trust and Select Portfolio Servicing's reasonable and necessary attorneys' fees and costs in preparing and prosecuting the motion for sanctions. The Sepedas then filed a Second Original Amended Complaint in which they reasserted the same claims and added an additional claim under the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA). Madison Revolving Trust and Select Portfolio Servicing filed a motion to dismiss pursuant to rule 91a of the Texas Rules of Civil Procedure and Shapiro Schwartz filed a rule 91a motion to dismiss and a no-evidence motion for summary judgment.

After considering the motions, the court signed two orders—one granting Shapiro Schwartz's no-evidence motion for summary judgment and another granting Madison Revolving Trust and Select Portfolio Servicing's motion to dismiss pursuant to Texas Rule of Civil Procedure 91a. The court rendered a final judgment stating that the Sepedas' claims against Madison Revolving Trust, Select Portfolio Servicing, and Shapiro Schwartz had no basis in law or fact and that the Sepedas had no evidence to support their claims against Shapiro Schwartz. The judgment dismissed all the Sepedas' claims against the three defendants.

The Sepedas then filed a notice of appeal in which they stated that they were "appealing the unlawful summary dismissal of their case" and that the appeal is based "upon unconstitutional usurpation of authority and due process violations committed by the court."

**DISCUSSION**

Entitled "Dismissal of Baseless Causes of Action," rule 91a allows a party to move to dismiss a cause of action on the ground that it has no basis in law or in fact. *See* Tex. R.

6

Civ. P. 91a.  The rule is in addition to, and does not supersede or affect, other procedures that authorize dismissal.  *Id.* R. 91a.9.  As specified in the rule:

> A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.  A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

*Id.* R. 91a.1.  The determination of whether a cause of action has a basis in law is, on its face, a question of law that we review de novo.  *See GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied).

Madison Revolving Trust and Select Portfolio Servicing argued that the Sepedas' claims had no basis in law because they are barred by res judicata, which prevented them from relitigating claims arising out of any attempts to enforce rights and obligations created by the Loan or the foreclosure on the Property resulting from the Sepedas' default.  *See Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 628 (Tex. 1992) (explaining that res judicata is generic term for group of related concepts concerning preclusive effects given to final judgments).  Res judicata, or claim preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as matters that, with the use of diligence, should have been litigated in the prior suit.  *Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984).[1]  For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) the same parties or those in privity with them, and (3) a second action based on the same claims as were raised or could have been raised in the first action.  *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).  Madison

---

[1]  Issue preclusion, or collateral estoppel, prevents relitigation of particular issues already resolved in a prior suit.  *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984).

7

Revolving Trust and Select Portfolio Servicing argued that these elements were met, barring the Sepedas' claims. They also argued that the Sepedas' DTPA claim had no basis in law because the Sepedas were not "consumers" as that term is defined in the statute. *See* Tex. Bus. & Com. Code § 17.45(4) (consumer is individual "who seeks or acquires by purchase or lease any goods or services"); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980) (obtaining loan or extension of credit does not qualify individual as "consumer" because money is not good or service); *see also La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984) ("Because the loan involves only the extension of credit, La Sara has not shown itself to be a consumer and therefore has no DTPA claim."). The trial court granted the rule 91a motion.

On appeal, the Sepedas do not challenge whether res judicata in fact barred their claims against Madison Revolving Trust and Select Portfolio Servicing. Nor do they challenge the trial court's order granting Shapiro Schwartz's no-evidence motion for summary judgment. Instead, the Sepedas' brief includes the following five issues:

> 1. Did the Sepedas receive the remedy of due course of law as promised in the Texas Constitution, Art.1, Sec. 13?
>
> 2. Did [the trial judge] err when he refused to allow Sepedas' pleadings to be filed?
>
> 3. Did [the trial judge] err when he summarily threw the Sepedas out of court in the middle of a hearing, and signed an Order against them without completing the hearing and in the absence of Sepedas' filings?
>
> 4. Did [the trial judge] violate the Texas Constitution when he closed the Court to the Sepedas and their contracted counsel?
>
> 5. Did [the trial judge] violate the Contracts Clause, Art. 1, Sec. 10, Cl. 1, of the U.S. Constitution?

The Sepedas briefed these five issues together and their argument appears to focus on their contention that the trial court "restrict[ed] the Sepedas' representation in court only to a [State Bar of Texas] member," and that such alleged restriction violated the Sherman Act. The Sepedas further argue that they "have the Right to contract for services from anyone they choose," and that they were "cruelly punished and their case dismissed, not because of the law, but because [the trial judge] became enraged when he believed he had an infidel in the room." In their request for relief, the Sepedas assert that "the law in their case favors them and the case should have been allowed to progress to a jury" and request that "in the interest of justice the Court reinstate their case and allow[] them to continue until an orderly conclusion is reached after application of the due course of the law of the land." This argument is not sufficient to satisfy the requirement that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* Tex. R. App. P. 38.1. "Although we construe pro se briefs liberally, pro se appellants are held to the same standards as appellants represented by counsel to avoid giving them an unfair advantage." *Vaclavik v. Addison*, No. 03-19-00528-CV, 2021 WL 1704249, at *1 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem. op.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)).

Furthermore, the Sepedas provide no substantive argument addressing whether the trial court's conclusion that their claims have no basis in law was erroneous. Rather, the Sepedas argue that their case was decided against them because, apparently, they appeared in court represented by a person who was not licensed to practice law in the State of Texas. The Sepedas contend that this constituted bias and prejudice by the trial court and resulted in "judicial error." In their brief, the Sepedas refer to various portions of a reporter's record that is

9

not part of the appellate record. We must presume, therefore, that the reporter's record supports the trial court's judgment. *See Jaramillo v. Atchison, Topeka & Santa Fe Ry.*, 986 S.W.2d 701, 702 (Tex. App.—Eastland 1998, no pet.). Moreover, the Sepedas' assertions regarding their right to representation by a person not admitted to practice law in Texas has no bearing on whether the trial court correctly determined the legal question of whether their claims were barred by res judicata and whether they were "consumers" for purposes of the DTPA. In fact, the court was not required to conduct an oral hearing on the rule 91a motion and could have disposed of it without argument. *See* Tex. R. Civ. P. 91a.6 ("The court may, but is not required to, conduct an oral hearing on the motion."). Because the Sepedas' brief fails to comply with Texas Rule of Appellate Procedure 38.1(i) and because it also fails to contain any argument or authorities to support a basis for reversing the trial court's order granting Madison Revolving Trust and Select Portfolio Servicing's rule 91a motion to dismiss, we overrule each of their five issues.[2]

## CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's judgment.

---

[2] In their appellate briefing, the Sepedas disclaim any challenge to the trial court's order granting Shapiro Schwartz's no-evidence motion for summary judgment and, represent that they nonsuited any claims against that defendant. We therefore do not address the portion of the trial court's judgment dismissing the Sepedas' claims against Shapiro Schwartz. *See Wojcik v. Wesolick*, 97 S.W.3d 335, 336-37 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (concluding that appellee had abandoned ground asserted to trial court by affirmatively "stating in its brief that it 'does not contend at this time [ground asserted to trial court.]'").

10

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed:   August 6, 2021