**WITHDRAW, VACATE, and AFFIRM; and Opinion Filed February 17, 2015.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01465-CV

### BARON ABLON, Appellant

### V.

### BARI ABLON CAMPBELL, Appellee

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-11-271-1**

## OPINION

Before Justices Lang-Miers, Brown, and Schenck[1]
Opinion by Justice Lang-Miers

We deny appellant's motion for rehearing and, on our own motion, withdraw our opinion dated December 29, 2014, and vacate the judgment of that date. This is now the opinion of the Court. Appellant Baron Ablon appeals, arguing that the trial court erred in setting aside an order as void and in granting appellee Bari Ablon Campbell's application for a statutory bill of review. Baron also argues that the trial court erred in ordering the transfer of funds from one trust to another without supporting pleading or notice. We affirm.

---

[1] Justice David Schenck succeeds Justice Michael O'Neill, a member of the original panel. Justice Schenck has reviewed the briefs and record in this case. *See* TEX. R. APP. P. 41.1(a).

BACKGROUND

Bari Ablon Campbell, Rachelle Ablon, and Baron Ablon are Fred Rude Ablon's children. In January 2011, Bari and Rachelle filed an Application for Appointment of Permanent Guardian of Person and Estate of their father Fred in probate court in Dallas County.[2] The court subsequently appointed an attorney ad litem and a guardian ad litem for Fred. In September 2011, their brother, Baron, entered his appearance by letter in which he opposed the guardianship. The following month, the guardian ad litem filed a Joinder in Application for Appointment of Permanent Guardian of Person and Estate previously filed by the sisters and then filed the First Amended Application for Appointment of Permanent Guardian of Person and Estate. In addition, counsel for the sisters, counsel for Baron, the attorney ad litem, and the guardian ad litem all entered into a Rule 11 Agreement about transferring Fred's accounts and assets to Frost Bank, N.A. The Rule 11 Agreement provided that it would "remain in place pending further orders of the Court and/or the agreement of all parties to alter, modify, or revoke it." The sisters subsequently nonsuited their Application.

On May 14, 2012, Fred's guardian ad litem filed an Application for Creation of Management Trust, seeking to have all of Fred's property put into a management trust under probate code[3] section 867.[4] Three days later, Fred signed documents purporting to create a different trust, the Fred R. Ablon Family Trust (Alleged Trust). Frost Bank was named as trustee

---

[2] Although both Bari and Rachelle filed the application, Bari is the sole appellee before this Court on appeal.

[3] The Texas Probate Code has been recodified as the Texas Estates Code effective January 1, 2014. *See* Act of May 9, 2013, 83rd Leg., R.S., ch. 161, § 6.001–.079, 2013 Tex. Sess. Law Serv. 623, 633–57 (West); Act of May 29, 2011, 82nd Leg., R.S., ch. 1338, 2011 Tex. Sess. Law Serv. 3884 (West); Act of May 19, 2011, 82nd Leg., R.S., ch. 823, 2011 Tex. Sess. Law Serv. 1901 (West); Act of May 26, 2009, 81st Leg., R.S., ch. 680, 2009 Tex. Gen. Laws 1512. We cite the probate code in this opinion because the estates code was not in effect at the time of the proceedings in the trial court. *See* TEX. ESTATES CODE ANN. § 21.003(a) (West 2014).

[4] Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 1, 1993 Tex. Gen. Laws 4081, 4150, *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 1039, § 57, 1995 Tex. Gen. Laws 5145, 5167, *amended by* Act of May 26, 1997, 75th Leg., R.S., ch. 1375, § 1, 1997 Tex. Gen. Laws 5162, 5162, *amended by* Acts of May 22, 2001, 77th Leg., R.S., ch. 994, § 1, 2001 Tex. Gen. Laws 2162, 2162, *amended by* Act of May 25, 2005, 79th Leg., R.S., ch. 1238, § 1, 2005 Tex. Gen. Laws 3992, 3992–93, *amended by* Act of May 15, 2007, 80th Leg., R.S., ch. 281, 2007 Tex. Gen. Laws 553, *amended by* Act of May 27, 2009, 81st Leg., R.S., ch. 930, § 8, 2009 Tex. Gen. Laws 2475, 2480, *amended by* Acts of May 27, 2011, 82nd Leg., R.S., ch. 1085, § 30, 2011 Tex. Sess. Law Serv. 2810, 2818–19 (West), *repealed by* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, § 3.02, 2011 Tex. Sess. Law Serv. 1901, 2094 (West).

of the Alleged Trust and Baron and his sisters were named as the remainder beneficiaries. That same day, the attorney ad litem filed a Motion for Funding of Irrevocable Trust relating to the Alleged Trust and, in July 2012, she filed an Amended Motion for Funding of Irrevocable Trust. In the Amended Motion, the attorney ad litem asked the court to enter an order allowing Fred to transfer all of his assets, including those governed by the Rule 11 Agreement, into the Alleged Trust. In July 2012, Baron filed a Joinder in Amended Motion for Funding of Irrevocable Trust in which he joined Fred's attorney ad litem's request to fund the Alleged Trust and opposed the creation of a guardianship of the estate.

On July 19, 2012, the court held a hearing (2012 Hearing) concerning the Amended Motion for Funding of Irrevocable Trust. Baron, the attorney ad litem, and the guardian ad litem were present at the hearing. Sisters, Bari and Rachelle, were not served with citation, made parties to the Amended Motion, or given notice of the hearing and were not present for the hearing. At the time of the 2012 Hearing, the Amended Application for Appointment of Permanent Guardian of the Person and Estate and the Application for Creation of Management Trust were still pending before the court. In September 2012, the court entered an order (2012 Order) finding that, when he created the Alleged Trust on May 17, 2012, Fred had capacity to do so and ordered funding of the Alleged Trust with Fred's assets held in a custody account, which were the subject of the Rule 11 Agreement. The court subsequently dismissed the application for guardian of the estate for Fred.

Ten months later, on May 13, 2013, Bari filed a Motion to Set Aside Void Order and Application for Bill of Review, in which she argued—among other arguments—that (1) the court lacked jurisdiction to enter the 2012 Order because, under case law and section 115.011 of the trust code, not all necessary parties were joined and, as a result, the order was void and (2) the court committed substantial error in entering the 2012 Order "by circumventing the right to a

–3–

trial on the pending Amended Application for Guardian of the Estate and Application for Creation of Management Trust" and, as a result, the court should set aside the order by bill of review.[5] *See* TEX. PROP. CODE ANN. § 115.011 (West 2014). Also, in reply to Baron's opposition, Bari argued that, "even if" rule of civil procedure 39 applied, she was a necessary party under rule 39 because her lack of joinder impaired and impeded her interests by affecting her ability to challenge the validity of the Alleged Trust. *See* TEX. R. CIV. P. 39.

The court held a hearing in July 2013 (2013 Hearing) concerning Bari's motion and application for bill of review. During the 2013 Hearing, the court ordered that a section 867 management trust (Management Trust) be created for Fred's benefit. On July 22, 2013, the court granted Bari's Motion to Set Aside Void Order and Application for Bill of Review (2013 Order). The court also ordered that all funds and other property that were held by Frost Bank as trustee of the Alleged Trust be delivered to Frost Bank as trustee of the Management Trust. The court subsequently issued findings of fact and conclusions of law. In its findings, the court found that "Bari and Rachelle were not served with citation or made parties to the Amended Motion." The court also found that "Bari and Rachelle had no notice of the July 19, 2012 hearing on the Amended Motion, and they were not present." In its conclusions of law, the court concluded, in relevant part:

> 1. Bari and Rachelle were indispensable and necessary parties to the Amended Motion.
>
> 2. The interests of Bari and Rachelle were impaired and impeded by their lack of joinder with regard to the Amended Motion.
>
> 3. Bari and Rachelle were not virtually represented with regard to the Amended Motion due to conflicts of interest between them and all other parties to the Amended Motion.

---

[5] Bari's motion also argued that the trial court committed substantial error by entering an Order Approving Attorney's Fees and Expenses, an issue that is not before us on appeal.

4.  At the time of the July 19, 2012 hearing on the Amended Motion, the Court did not have jurisdiction over Bari and Rachelle.

5.  As a result of the lack of jurisdiction over Bari and Rachelle, the Court lacked jurisdiction to enter the Order, and the Order is void.

6.  The Court lacked subject matter jurisdiction over the Amended Motion and consequently, the Order is void.

7.  Bari is an interested person with standing to file a statutory bill of review under the Texas Probate Code.

8.  Bari timely filed the Application for Bill of Review.

9.  The Court committed substantial error in entering the Order.

10.  The Order is null, void, and of no force and effect, and is set aside.

Baron appeals the 2013 Order.[6]

## STATUTORY BILL OF REVIEW

Baron contends that the trial court erred in granting Bari's motion to set aside the 2012 Order as void and in granting her application for bill of review and that the trial court's conclusions of law numbers 1 through 6 and 9 through 10 are erroneous.[7] Baron makes several arguments in support of his position that the trial court erred by concluding that it had committed substantial error in entering the 2012 Order. He contends that the basis of the court's conclusion was that it lacked jurisdiction to enter the 2012 Order because his sisters were not before the court. And he argues that the court was not deprived of jurisdiction because of their absence.

---

[6] Baron does not appeal the portion of the 2013 Order setting aside an award of attorney's fees and expenses to Baron's attorneys.

[7] He also challenges findings of fact 13 and 14 on the grounds that Bari did not present legally and factually sufficient evidence to support them. These findings were:

> 13.  At the time of Mr. Ablon's purported execution of the Alleged Trust, Frost Bank had not accepted the position of Trustee and was not serving as Trustee.

> 14.  At the time of Mr. Ablon's purported execution of the Alleged Trust, no property was identified that was to be funded or transferred into the Alleged Trust.

Baron does not present any argument or authorities concerning his contention that there was not sufficient evidence to support these findings. As a result, he has waived this argument. *See* TEX. R. APP. P. 38.1(i).

Conversely, Bari contends that there are several reasons that the trial court did not abuse its discretion in granting the bill of review, including that one basis for granting that bill of review was that the court had entered the 2012 Order without necessary parties—the sisters—before the court. She contends that it could have concluded that it abused its discretion by entering the prior order without all necessary parties before it regardless of whether it concluded it did not have jurisdiction to enter the Order. We agree with Bari.

The standard of review is abuse of discretion. *See Valdez v. Hollenbeck*, 410 S.W.3d 1, 9 (Tex. App.—San Antonio 2013, pet. granted) (applying abuse of discretion standard to review of the grant or denial of an equitable bill of review).[8] Consequently, the issue before us is whether the trial court abused its discretion by granting the bill of review. A trial court does not abuse its discretion unless its act is arbitrary or unreasonable or unless it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Nadolny v. Taub*, 116 S.W.3d 273, 280 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). And regardless of whether the court had jurisdiction, we cannot conclude that the trial court abused its discretion by granting the bill of review. Having reached that conclusion we do not need to and do not address the other issues discussed by the parties in their briefs.

### Applicable Law and Standard of Review

Section 657 of the probate code provides that "a person interested" may file a bill of review in a court to have a decision, order, or judgment rendered in a guardianship proceeding corrected and revised "if an error is shown on the decision, order, or judgment."[9] The interested party must file the bill of review within two years of the date of the order or judgment. And the

---

[8] Although we have not located a case specifically identifying the standard of review for the grant or denial of a statutory bill of review, we conclude the standard should be the same as that for an equitable bill of review.

[9] Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 1, 1993 Tex. Gen. Laws 4081, 4096, *repealed by* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, § 3.02, 2011 Tex. Sess. Law Serv. 1901, 2094 (West).

interested party is required to allege and prove that the trial court committed substantial error. *In re Guardianship of Winn*, 372 S.W.3d 291, 294–95 (Tex. App.—Dallas 2012, no pet.).[10]

The record reflects that Bari filed her statutory bill of review within two years of the date of the 2012 Order, and it is undisputed that she is an interested party. As a result, we must determine whether she alleged and proved the third element: that the trial court committed substantial error. Because this case involves a statutory bill of review, the error need not have appeared on the face of the record and the movant may prove the error at trial by a preponderance of the evidence. *In re Estate of Cunningham*, 390 S.W.3d 685, 687 (Tex. App.—Dallas 2012, no pet.); *In re Guardianship of Winn*, 372 S.W.3d at 295; *see Westchester Fire Ins. Co. v. Nuckols*, 666 S.W.2d 372, 374–75 (Tex. App.—Eastland 1984, writ ref'd n.r.e.) (distinguishing statutory bill of review and equitable bill of review).

There are two types of statutory bill of review cases that are distinguishable by the alleged substantial error. *See Buck v. Estate of Buck*, 291 S.W.3d 46, 53 (Tex. App.—Corpus Christi 2009, no pet.) (describing the "two types of probate code section 31 cases, distinguished by the substantial error alleged"). In the first type, the party seeking a bill of review alleges that "the trial court committed substantial error when it acted in direct derogation of a specific, non-discretionary, provision of the probate code[.]" *Id.* In the second type, the party seeking the bill of review alleges that "the trial court committed substantial error in performing a discretionary act[.]" *Id.*; *see Nadolny*, 116 S.W.3d at 280–81 (applying abuse of discretion standard to second type of substantial error).

Rule of civil procedure 39, entitled "Joinder of Persons Needed for Just Adjudication," states in relevant part:

---

[10] As we recognized in *In re Guardianship of Winn*, cases employing the substantial error standard are based on section 31 of the probate code, which applies to probate proceedings, and is substantially identical to section 657, which applies to guardianship proceedings. 372 S.W.3d at 295 n.1.

A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

TEX. R. CIV. P. 39.

A trial court generally has broad discretion under the rules of procedure concerning joinder of parties. *Lawyers Civil Process, Inc. v. State ex rel Vines*, 690 S.W.2d 939, 944 (Tex. App.—Dallas 1985, no writ). We will not disturb a trial court's determination concerning joinder except for an abuse of discretion. *Id.* Under rule of civil procedure 39, there is "no arbitrary standard or precise formula for determining whether a person falls within its provisions." *Id.* (quoting *Cooper v. Texas Gulf Indus., Inc.*, 513 S.W.2d 200, 204 (Tex. 1974)). Additionally, section 115.011 of the trust code also states who are necessary parties in a proceeding concerning a trust. *See* TEX. PROP. CODE ANN. § 115.011. It states that "necessary parties to such an action" include "a beneficiary of the trust designated by name[.]" *Id.*

We review a trial court's conclusions of law de novo to determine whether the trial court drew the correct legal conclusions from the facts. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *In re Estate of Cunningham*, 390 S.W.3d at 687; *Wright Grp. Architects-Planners, P.L.L.C. v. Pierce*, 343 S.W.3d 196, 200 (Tex. App.—Dallas 2011, no pet.). But an erroneous conclusion of law does not require reversal if the trial court rendered the proper judgment. *BMC Software*, 83 S.W.3d at 794.

**Discussion**

Baron argues that the trial court erred in granting Bari's application for bill of review because she did not prove that the trial court committed substantial error. Specifically, he contends that (1) the trial court incorrectly found that "lack of jurisdiction based upon absence of

–8–

necessary parties" was substantial error and (2) "every party needed for just adjudication of Fred Ablon's interests was actually represented, virtually represented, or voluntarily excused themselves from participating in the guardianship proceedings."

**Were Bill of Review Conclusions Based on Lack of Jurisdiction?**

The parties disagree about whether the court's decision was based exclusively on its determination that it did not have jurisdiction to enter the challenged order. Baron contends that "[i]t appears clearly from the record" that the basis for the trial court's conclusion of substantial error was its "erroneous conclusion" that the court lacked jurisdiction because of the absence of necessary parties and, as a result, that the 2012 Order was void. He also argues that, under rule of civil procedure 39, even if Bari was a necessary party, failure to join her was not a jurisdictional issue.[11] *See* TEX. R. CIV. P. 39.

Bari argues that the trial court's conclusions of law support its determination that it committed substantial error "on other bases besides jurisdiction[,]" including (1) that Bari was not a party to the Amended Motion, "whether that failure was a jurisdictional issue or not[,]" and (2) that the court acted outside the scope of its authority under the probate code in a guardianship proceeding. In addition, Bari argues that, even if a conclusion of law is erroneous, if the trial court nevertheless renders a proper judgment, the erroneous conclusion does not require reversal.

**Analysis**

The conclusions of law do not state that the court only decided to grant the bill of review because it lacked jurisdiction to enter the 2012 Order. Instead, in conclusions of law numbers 7 through 9, the court concluded that Bari had established the three required elements for a grant of a statutory bill of review: that Bari is an interested person with standing to file a bill of review,

---

[11] Baron presents his arguments throughout his brief as to both Bari and her sister Rachelle. We discuss his arguments as they apply to Bari as the sole appellee before this Court on appeal.

that she timely filed the application for bill of review, and that the court committed substantial error in entering the 2012 Order. Although the immediately following conclusion of law number 10 states that the 2012 Order "is null, void, and of no force and effect, and is set aside[,]" the trial court did not specify whether this conclusion relates to its decision setting aside the 2012 Order as void or its separate grounds of granting the statutory bill of review, or both. *See Moncus v. Grace Oil Co.*, 284 S.W.2d 375, 379 (Tex. Civ. App.—Galveston 1955, writ ref'd n.r.e.) (stating that, "in guardianship matters, the probate court" has "the power to consider a statutory bill of review whereby the court is empowered to set aside any decision, order, or correct same").

Consequently, the issue we determine is whether the trial court abused its discretion by granting the bill of review and concluding that it had committed substantial error regardless of whether the court based its decision on its conclusion that it did not have jurisdiction.

**Did the Court Err When It Concluded It Committed Substantial Error?**

**Baron's Arguments**

Baron argues that the provisions of the probate code concerning notice and service of process govern and are exclusive here. He contends that, under the probate code, Bari cannot claim that the "ongoing guardianship proceedings require personal service of citation" on her because the probate code does not require service on adult children who file an application for guardianship and then nonsuit. He argues that probate code section 632(a) states that a person does not need to be cited or given notice in a guardianship proceeding "except in situations in which this chapter expressly provides for citation or the giving of notice[,]"[12] and that, in guardianship proceedings, probate code section 632(a) controls over other laws, including rule of

---

[12] Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 1, 1993 Tex. Gen. Laws 4081, 4089, *amended by* Acts of May 27, 2011, 82nd Leg., R.S., ch. 1085, § 12–13, 2011 Tex. Sess. Law Serv. 2810, 2815 (West), *repealed by* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, § 3.02, 2011 Tex. Sess. Law Serv. 1901, 2094 (West).

civil procedure 39, "which would determine in a court of general jurisdiction whether a court could proceed without parties needed for just adjudication."

He argues that, although section 633(d)(1)[13] of the probate code requires that adult children of the proposed ward be served with citation and the guardianship application by registered mail, section 633(g)[14] excepts those who file the application for guardianship from the requirement for service. According to Baron, Bari was "treated as having adequate notice of the proceeding by virtue of being an applicant." As a result, he contends that, after her nonsuit, she "continued to have adequate notice that [her] interests in Fred and his estate were subject to adjudication" and she remained a party "to anything in which [she] wanted to participate[.]"

In addition, he claims that she did not exercise her right, as an interested party who was not actively participating in the case, to request notice of all case proceedings under probate code section 632(j).[15] He also argues that, contrary to her contentions, the motion regarding the Alleged Trust was part of a guardianship proceeding because the motion concerned an "alternative to guardianship" under probate code section 601(25)(b).[16] He argues that the "exclusive statutory notice requirements" in the probate code govern and that, under those provisions, she received adequate notice.

---

[13] Act of May 27, 1995, 74th Leg., R.S., ch. 1039, § 18, 1995 Tex. Gen. Laws 5145, 5154, *amended by* Act of May 23, 2001, 77th Leg., R.S., ch. 940, 2001 Tex. Gen. Laws 1881, *amended by* Act of May 22, 2001, 77th Leg., R.S., ch. 1174, § 2, 2001 Tex. Gen. Laws 2640, 2640, *amended by* Act of May 30, 2003, 78th Leg., R.S., ch. 549, § 8, 2003 Tex. Gen. Laws 1858, 1861, *amended by* Act of May 25, 2011, 82nd Leg., R.S., ch. 599, § 6, 2011 Tex. Sess. Law Serv. 1446, 1148 (West), *repealed by* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, § 3.02, 2011 Tex. Sess. Law Serv. 1901, 2094 (West).

[14] Act of May 27, 1995, 74th Leg., R.S., ch. 1039, § 18, 1995 Tex. Gen. Laws 5145, 5154, *repealed by* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, § 3.02, 2011 Tex. Sess. Law Serv. 1901, 2094 (West).

[15] Section 632(j) states: "At any time after an application is filed for the purpose of commencing a guardianship proceeding, a person interested in the estate or welfare of a ward or an incapacitated person may file with the clerk a written request that the person be notified of any or all specifically designated motions, applications, or pleadings filed by any person, or by a person specifically designated in the request." Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 1, 1993 Tex. Gen. Laws 4081, 4091, *repealed by* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, § 3.02, 2011 Tex. Sess. Law Serv. 1901, 2094 (West).

[16] Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 1, 1993 Tex. Gen. Laws 4081, 4082–83, *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 1039, § 15, 1995 Tex. Gen. Laws 5145, 5153, *amended by* Act of May 17, 1999, 76th Leg., R.S., ch. 379, § 2, 1999 Tex. Gen. Laws 1381, 1383, *amended by* Act of May 9, 2001, 77th Leg., R.S., ch. 217, § 2, 2001 Tex. Gen. Laws 410, 412, *amended by* Act of May 27, 2011, 82nd Leg., R.S., ch. 1085, §1, 2011 Tex. Sess. Law Serv. 2810, 2810 (West), *repealed by* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, § 3.02, 2011 Tex. Sess. Law Serv. 1901, 2094 (West).

Baron also argues that, because the guardianship is an *in rem* proceeding under probate code section 604,[17] when Bari and Rachelle filed their application for guardianship, the trial court's personal jurisdiction attached to their claims and "to the property placed at issue by their initial petition[,]" and, when they nonsuited, nothing in the notice provisions of the probate code required any further citation to Bari "before the probate court continued to exercise its *in rem* jurisdiction."

Alternatively, Baron argues that, even if the requirements for joining and serving parties under rule of civil procedure 39 applied instead of the notice and service provisions of the probate code, the trial court did not commit substantial error.[18]

**Bari's Arguments**[19]

Bari argues that the trial court did not err in granting the bill of review setting aside the 2012 Order. She contends that "[c]learly" the trial court based its finding of substantial error "at least in part" on the court's finding that "it should have join[ed] all necessary parties, including the Appellee, under Rule 39." She contends that rule 39 is mandatory, requiring that a person who has an interest that would be affected or prejudiced "shall be joined[.]" She argues that the findings of fact and conclusions of law set forth "the finding of substantial error under Rule 39[.]" She points to conclusion of law number 2 in which the trial court found that the "interests of Bari and Rachelle were impaired and impeded by their lack of joinder with regard to the Amended Motion" and to conclusion of law number 9 in which the court found that it "committed substantial error in entering the Order."

---

[17] Act of May 30, 1993, 73rd Leg., R.S., ch. 957, §1, 1993 Tex. Gen. Laws 4081, 4082–83, *redesignated by* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, § 3.01, 2011 Tex. Sess. Law Serv. 1901, 2094 (West), *redesignated by* Act of May 24, 2013, R.S., ch. 982, § 2, 2013 Tex. Sess. Law Serv. 2386, 2386 (West) (current version at TEX. ESTATES CODE § 1022.002(d) (West 2014)).

[18] Baron also argues that rule 39 does not conflict with the Declaratory Judgments Act. Given our disposition, it is not necessary for us to address this argument.

[19] Bari also argues that the trial court committed substantial error (1) under the Declaratory Judgments Act and (2) by summarily dismissing a pending guardianship application without a trial. Given our disposition, it is unnecessary for us to consider these arguments.

Bari argues that the trial court determined that, by not joining her as a party to the Amended Motion, her interests were impaired or impeded because it denied her the opportunity to challenge the validity of the Alleged Trust and its effect on her inheritance. She states the basis of her argument is that, years before Fred's capacity was in dispute, Fred set up a trust for the benefit of her and Rachelle after Fred gifted an ongoing business to Baron and that Fred also executed a will leaving his remaining estate to Bari and Rachelle in an effort to equalize their share of his assets with the earlier gift to Baron. But the Alleged Trust revised Fred's estate plan by providing that, upon Fred's death, Fred's estate would be distributed to each of his three children equally (the Inheritance Issue). As a result, Baron's interests were to advocate upholding the Alleged Trust and Bari had an interest in challenging its validity. She argues that the court realized that, if the 2012 Order was not set aside for substantial error, she may never be able to challenge the validity of the Alleged Trust on the basis of Fred's capacity.

In addition, she argues that, because the Amended Motion involved interests of the beneficiaries of the Alleged Trust, and not just Fred's best interests, the notice requirements in a guardianship proceeding as set forth in the probate code do not exclusively govern in this case. She contends that, under section 115.011 of the trust code and supreme court precedent, she was a necessary party whose joinder was required in this action involving the validity of the Alleged Trust. *See* TEX. PROP. CODE ANN. § 115.011; *Mason v. Mason*, 366 S.W.2d 552, 554–55 (Tex. 1963) (stating that, in an action "brought in furtherance of a trust to enforce its provisions and establish its validity[,]" "all of the beneficiaries should be joined . . . so that the whole matter may be adjusted in one proceeding and a multiplicity of suits avoided"); *Slay v. Burnett Trust*, 187 S.W.2d 377, 382 (Tex. 1945) (expressing the "general rule that in suits affecting trusts, or respecting the trust property, the beneficiary is a necessary party" and that an action "to establish it as valid" may "not be maintained without the presence of the beneficiary"). She maintains that

"the underlying issue for determination in the Amended Motion was the validity of the Alleged Trust based on Mr. Ablon's alleged capacity." And, because she was one of the beneficiaries of the Alleged Trust, she argues that she was a necessary party under trust code section 115.011 and supreme court authority.

In addition, she argues that *in rem* jurisdiction under the probate code is irrelevant for the necessary parties analysis. And she contends that the 2012 Order goes "far beyond" an "alternative to a guardianship" under the probate code. She argues that no section of the probate code gives the trial court "authority to opine on the validity of an Alleged Trust created during the guardianship proceeding." She contends that, as a result, the 2012 Order did not create an alternative to guardianship under the guardianship provisions of the probate code and, as a consequence, the notice provisions of the probate code did not apply.

**Analysis**

We conclude that the court did not err in concluding that Bari's interests were impaired and impeded by her lack of joinder with regard to the Amended Motion and in concluding that the court committed substantial error in entering the 2012 Order. Baron has not established that the notice provisions in the probate code control and that rule of civil procedure 39 does not apply. And the two cases that he cites as authority are distinguishable. In one of those cases, *Wojcik v. Wesolick*, the court concluded that, under probate code section 33(a), contestants to a will were not required to join will beneficiaries as parties because the "Probate Code does not require joinder of all interested persons in a will contest." 97 S.W.3d 335, 337 (Tex. App— Houston [14th Dist.] 2003, no pet.). The court stated that the probate code does not expressly require that a will contestant join or give notice to any party. *Id.* The court also concluded that "the Texas Rules of Civil Procedure apply to will contests only to the extent they do not differ from the procedure established by the Probate Code." *Id.* at 338. In another case relied on by

–14–

Baron, *Bank of Texas, N.A., Trustee v. Mexia*, this Court concluded that a trustee of a management trust created under the probate code was not entitled to citation or notice of a proceeding to terminate the management trust under either the probate code or rules of civil procedure. 135 S.W.3d 356, 362 (Tex. App.—Dallas 2004, pet. denied). We stated that "Texas Rules of Civil Procedure apply to will contests only to the extent they do not differ from the procedure established by the probate code." *Id.* (citing *Wojcik*, 97 S.W.3d at 338). We noted that the probate code does not require notice of probate proceedings unless the probate code expressly so provides and that the probate code sections governing the termination of management trusts do not expressly provide for service of citation or notice. *Id.* Both *Wojcik* and *Bank of Texas* involved contested matters clearly governed by the probate code: a will contest in *Wojcik* and the termination of a management trust established under the probate code in *Bank of Texas*. In contrast, this case involves the validity of a trust not created pursuant to the probate code.

Section 115.011 of the trust code specifically refers to named beneficiaries as necessary parties in proceedings concerning trusts. *See* TEX. PROP. CODE ANN. § 115.011. And section 601(25) of the probate code defines "guardianship proceeding" as "a matter or proceeding related to a guardianship or any other matter covered by this chapter" and includes "alternatives to guardianship under this chapter[.]" Although Baron argues that the Amended Motion regarding the validity of the Alleged Trust concerned an "alternative to guardianship" under section 601(25) and, as a result, the "exclusive statutory notice requirements" in the probate code would apply here, he does not provide any authority nor have we located any authority supporting his argument.

We conclude that, under rule of civil procedure 39 and case authority, the trial court did not err in concluding that it committed substantial error by entering the 2012 Order. *See* TEX. R.

–15–

CIV. P. 39; *Mason*, 366 S.W.2d at 554–55; *Slay*, 187 S.W.2d at 382 (noting "the rule that an action brought in furtherance of the trust, to enforce its provisions, to establish is as valid . . . may not be maintained without the presence of the beneficiary"); *Hedley Feedlot, Inc. v. Weatherly Trust*, 855 S.W.2d 826, 832–33 (Tex. App.—Amarillo 1993, writ denied) (stating "[j]oinder of parties is controlled by Rule 39 of the Texas Rules of Civil Procedure" and that "[t]he general rule is that in suits involving trust property, . . . the beneficiaries should be made parties"); *Armstrong v. Armstrong*, 532 S.W.2d 406, 408 (Tex. Civ. App.—Eastland 1976, no writ) (applying rule 39, noting "the general rule . . . that in suits affecting trusts or respecting trust property, the beneficiary is a necessary party[,]" and concluding that the omission of trust beneficiaries was reversible error where relief sought was the imposition of an alleged trust).

**Was Bari Virtually Represented at the 2012 Hearing?**

### Baron's Arguments

Baron argues that the trial court incorrectly concluded in conclusion of law number 3 that Bari and Rachelle were "not virtually represented with regard to the Amended Motion due to conflicts of interest between them and all other parties to the Amended Motion." He contends that, because participants in a guardianship participate for the purpose of addressing the best interests of the ward, and not to assert their own interests, she was virtually represented as to Fred's interests—which were the justiciable interests that she had standing to pursue—by Fred's attorney ad litem, his guardian ad litem, and Baron as Fred's son.

### Bari's Arguments

Bari contends that she was not virtually represented as to her interests concerning whether the Alleged Trust was valid. She argues that there were conflicts of interests (1) between Bari who wanted the Alleged Trust held invalid and the parties to the Amended Motion who desired the Alleged Trust to be upheld as valid and (2) between the beneficiaries of

–16–

the Alleged Trust as a result of the Inheritance Issue. As a result, she contends, only Bari could represent her interests affected by the Amended Motion. She contends that, when conflicts of interest exist among trust beneficiaries, all beneficiaries are necessary parties.

**Analysis**

We conclude that, on this record, Bari's interests were not virtually represented at the 2012 Hearing on the Amended Motion. Baron cites *Mason*, 366 S.W.2d at 554, to support his contention that her interests were represented. But *Mason* is distinguishable. In *Mason*, one of the beneficiaries to a will contested the validity of the will based on undue influence. *Id.* at 553. The supreme court held that the court of appeals incorrectly held that the minor beneficiaries to the will were necessary and indispensable parties. *Id.* at 553–54. The supreme court concluded that the doctrine of virtual representation applied and that the trustee of the will, who had full power to manage and control the estate, represented the interests of the minor beneficiaries. *Id.* at 554. The court noted that "[w]here a suit is brought to cancel a trust instrument the beneficiaries are considered to be adequately represented by the trustee if their interest be not in conflict." *Id.* In addition, the *Mason* court stated that, under the *Restatement of Trusts*, a trust beneficiary is a necessary party where the suit involves a controversy or conflict of interest between the trustee and the beneficiaries or among the beneficiaries. *Id.* In contrast to *Mason*, the present case does involve conflicts of interest between Bari and another beneficiary of the Alleged Trust—Baron—regarding the validity of the Alleged Trust and the Inheritance Issue. We conclude that the court did not err in concluding that Bari was not virtually represented in connection with the Amended Motion due to conflicts of interest between her and the parties to the Amended Motion.

**Did Bari Have a Justiciable Interest that She Could Assert?**

Baron also argues that Bari had no justiciable interest that she could "assert adversely to Fred Ablon's interest." Baron contends that Bari claims and the trial court "appears" to have found that her justiciable interest was her interest as a remainder beneficiary of the Alleged Trust. Baron claims that there was factually and legally insufficient evidence to support conclusions of law numbers 2 and 3. He argues that all Bari showed was "funding of [] Fred's trust that gave [her a] remainder interest[]." Baron asserts that (1) the evidence that the 2012 Order affected her "individual interest[] in any manner other than facilitating a gift that [she was] free to renounce or to disclaim without any court action whatsoever"[20] was not legally or factually sufficient and (2) nothing in the record shows that the 2012 Order harmed her. Additionally, Baron contends that her claimed justiciable interest was her interest under Fred's will that "she did not prove" and that did not give "anyone legal rights until the death of the testator[.]" Bari argues that she did have a justiciable interest to protect regarding the validity or invalidity of the Alleged Trust.

Baron also argues that if she did have a justiciable interest adverse to Fred's interests, she would not have standing under probate code section 642[21] to seek or oppose guardianship. According to him, if she had individual interests that were adverse to funding the Alleged Trust, then her opposition to the Alleged Trust would represent litigating in favor of guardianship and against a less restrictive alternative to guardianship based on her adverse interest, which are prohibited by section 642.

---

[20] Baron cites section 112.010 of the trust code, which provides that a beneficiary of a trust may disclaim an interest in a trust. TEX. PROP. CODE ANN. § 112.010 (West 2014). But he does not explain how this provision would affect the interest or standing of a beneficiary who has not disclaimed his or her interest in a trust.

[21] Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 1, 1993 Tex. Gen. Laws 4081, 4092–93, *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 1039, § 20, 1995 Tex. Gen. Laws 5145, 5155, *amended by* Act of May 20, 1999, 76th Leg., R.S., ch. 829, § 2, 1995 Tex. Gen. Laws 3461, 3461, *repealed by* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, § 3.02, 2011 Tex. Sess. Law Serv. 1901, 2094 (West).

She counters that his argument is "nonsensical and circular." According to her, even if her interest was adverse to Fred's interest in connection with the Alleged Trust, her alleged adverse interest did not exist until the Amended Motion was filed and the issue concerning the validity of the Alleged Trust was before the trial court. Bari contends that "any analysis of standing under Section 642 simply does not apply."

**Analysis**

We conclude that Bari had a justiciable interest as a remainder beneficiary of the Alleged Trust. As a named beneficiary, Bari was a necessary party to an action concerning the trust. *See* TEX. PROP. CODE ANN. § 115.011(b) (stating that "a beneficiary of the trust designated by name" is a necessary party to a proceeding concerning a trust); *Slay*, 187 S.W.2d at 382; *see also Yturri v. Yturri*, 504 S.W.2d 809, 812 (Tex. Civ. App.—San Antonio 1973, no pet.) (concluding that, under Texas Trust Act, remainder beneficiary was a person "actually interested" and able to maintain suit concerning removal of trustee). Her lack of joinder impaired or impeded her ability to challenge the validity of the trust.[22] *See Slay*, 187 S.W.2d at 382 (noting rule that an action to establish a trust as valid "may not be maintained without the presence of the beneficiary").

Baron cites section 642 to support his argument that, even if Bari had a justiciable interest, she would have lacked standing to assert it in the guardianship proceeding because it would conflict with Fred's best interests. He does not, however, provide us with any authority in which section 642 was applied in a circumstance similar to the present case: where a trust created after the initiation of guardianship proceedings was presented to the court and that trust implicated interests of others, including beneficiaries, in addition to the interest of the proposed ward. And the authority Baron cites, *Allison v. Walvoord*, is distinguishable. 819 S.W.2d 624,

---

[22] Although Baron argues that Bari did not establish that the 2012 Order "harmed" her interest, we assume that he refers to the language in rule 39 that the trial court action "as a practical matter impair or impede [her] ability to protect" her interest. *See* TEX. R. CIV. P. 39.

626–27 (Tex. App.—El Paso 1991, no writ). *Allison* concerned objections to the appointment of a wife as limited guardian of her husband by parties who had sued the husband prior to the initiation of limited guardianship proceedings. *Id.* at 625–26. The contestants argued that the wife's appointment as limited guardian could "adversely affect their right to additional discovery" and a finding that the husband was incapacitated might impede a jury from awarding exemplary damages. *Id.* at 626. The court noted that the fact that the wife would be acting in her husband's place in defending the claims did "not provide her or her husband with any rights" that the husband did not already have to defend himself, or affect the way the district court judge would manage and control the trial of the pending cases. *Id.* at 826–27. The court concluded that notice in limited guardianship proceedings is given "only to relatives and those interested in the welfare of the incapacitated person" and that the contestants were not entitled to notice and had no standing or right to contest the application. *Id.* at 827. In the present case, unlike in *Allison*, the issue of the validity of the Alleged Trust arose after the initiation of the guardianship proceedings and Bari's nonsuit and Bari's interest as a beneficiary under the Alleged Trust was affected by the 2012 Order. Baron has not established that, under probate code 642, Bari's interest in having the Alleged Trust held invalid deprived her of standing to contest the Alleged Trust because the issue arose during the guardianship proceeding.

We resolve Baron's first issue against him. We affirm the trial court's 2013 Order granting Bari's bill of review.

## FUNDING OF MANAGEMENT TRUST

In his second issue, Baron argues that the trial court erred in the 2013 Order by ordering the property in Fred's trust transferred to the Management Trust "without any supporting pleading or notice and an opportunity to be heard." Bari argues that he waived this issue because he did not raise his complaints in the trial court that the relief was not pleaded and that there was

no "actual hearing[,]" no notice, and no opportunity to be heard concerning the transfer of the property to the Management Trust. We agree. Under rule of appellate procedure 33.1, in order to preserve a complaint for appeal, the record must reflect that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling the complaining party sought with enough specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a). Baron did not raise these complaints in the trial court before or during the hearing on the Amended Motion, or by motion or objection after the hearing. As a result, he has not preserved this issue for appeal. *See* TEX. R. APP. P. 33.1(a); *In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999) (stating that rules "require a party to apprise a trial court of its error before that error can become the basis for reversal of a judgment"); *Knapp v. Wilson N. Jones Mem'l Hosp.*, 281 S.W.3d 163, 170 (Tex. App.—Dallas 2009, no pet.) ("Complaints and arguments on appeal must correspond with the complaint made at the trial court level.").

## CONCLUSION

We affirm the trial court's 2013 Order.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

131465F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BARON ABLON, Appellant

No. 05-13-01465-CV      V.

BARI ABLON CAMPBELL, Appellee

On Appeal from the Probate Court No. 1,
Dallas County, Texas
Trial Court Cause No. PR-11-271-1.
Opinion delivered by Justice Lang-Miers,
Justices Brown and Schenck participating.

We **WITHDRAW** our opinion and **VACATE** our judgment of December 29, 2014. This is now the judgment of the Court.

In accordance with this Court's opinion of this date, the Order Granting Motion to Set Aside Void Order and Application for Bill of Review dated July 22, 2013, of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BARI ABLON CAMPBELL recover her costs of this appeal from appellant BARON ABLON.

Judgment entered this 17th day of February, 2015.