# NO. 12-16-00124-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM FRANK BYERLEY,* *INDIVIDUALLY AND AS* *INDEPENDENT EXECUTOR OF THE* *ESTATE OF FRANCIS WILLIAM* *BYERLEY, DECEASED,* *APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | *§* | *COUNTY COURT AT LAW NO. 1* |
| *CAROL MCCULLEY, INDIVIDUALLY* *AND AS REPRESENTATIVE OF THE* *ESTATE OF WINNIE ALINE* *BYERLEY, DECEASED,* *APPELLEE* | *§* | *ANGELINA COUNTY, TEXAS* |

## *OPINION*

William Frank Byerley, individually and as independent executor of the estate of Francis William Byerley, deceased, appeals from the denial of his petition for bill of review contesting the trial court's order admitting to probate the will of Winnie Aline Byerley as a muniment of title nineteen years after her death. In two issues, Byerley contends the trial court erred in denying his bill of review because Carol McCulley, representative of Winnie's estate, was in default for failing to submit Winnie's will for probate within four years of her death, and McCulley did not notify Byerley by appropriate service of process. We reverse the trial court's order denying Byerley's petition for bill of review, render judgment granting the petition for bill of review, and remand the case to the trial court.

## BACKGROUND

Winnie was married to Francis. Two of their three children were living at the time Winnie died in 1995, Byerley and McCulley. Francis died in late 2014, and Byerley is the

executor of his father's estate. After her father died, McCulley located Winnie's will and presented it for probate as representative of Winnie's estate. Winnie's will, which named McCulley as the sole beneficiary, was admitted to probate as a muniment of title on November 24, 2014.

About a year later, Byerley filed a petition for statutory bill of review alleging that the court committed substantial error when it admitted Winnie's will to probate and asking the court to set aside its prior order and deny probate of the will. The trial court denied the petition.

## BILL OF REVIEW

In his second issue, Byerley contends the trial court erred in denying his petition for bill of review because McCulley did not notify him of the original probate proceeding by service of process. Relying on Texas Estates Code Section 258.051, he argues that the notice McCulley provided, citation by posting, was insufficient.

### Standard of Review

We review a trial court's ruling on a petition for bill of review for an abuse of discretion. *Woods v. Kenner*, 501 S.W.3d 185, 190 (Tex. App.−Houston [1st Dist.] 2016, no pet.); *Ablon v. Campbell*, 457 S.W.3d 604, 608 (Tex. App.−Dallas 2015, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, or without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The meaning of a statute is a legal question, which we review de novo to ascertain and give effect to the legislature's intent. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Where text is clear, text is determinative of that intent. *Id*. This general rule applies unless enforcing the plain language of the statute as written would produce absurd results. *Id*. Only when the words chosen by the legislature are ambiguous do we resort to rules of construction or extrinsic aids. *Id*.

### Applicable Law

The estates code provides that an interested party may file a bill of review to have an order or judgment rendered in a probate proceeding revised and corrected on a showing of error in the order or judgment. TEX. EST. CODE ANN. § 55.251(a) (West 2014). The interested party is required to allege and prove that the trial court committed substantial error. *Ablon*, 457 S.W.3d at 609. The error need not appear on the face of the record; but if it does not, the party filing the

bill of review must prove the error at trial by a preponderance of the evidence. *Id*. When a will is admitted to probate more than four years after the testator's death, the applicant must give notice by service of process to each of the testator's heirs whose address can be ascertained with reasonable diligence. TEX. EST. CODE ANN. § 258.051(a) (West 2014).

**Analysis**

Although the current notice statute requires service of process to each heir, the record establishes that McCulley provided notice only by posting. She argues that method was appropriate because her application to probate Winnie's will, although filed in 2014, was governed by the version of the probate code that was in effect when Winnie died in 1995. A review of the statutory history is necessary.

In 1995, Section 128(a) of the probate code authorized service of citation by posting where an application for probate of a written will is produced in court, without regard to the time period between the testator's death and the filing of the application. Act of March 17, 1955, 54th Leg., R.S., ch. 55, § 128, 1955 Tex. Gen. Laws 88, 127, *repealed by* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 10, 2009 Tex. Gen. Laws 1511, 1730 (current version at TEX. EST. CODE ANN. § 258.001 (West 2014)). In 1999, the probate code was amended by the addition of Section 128B to require service of process to each of the testator's heirs whose address can be ascertained with reasonable diligence when a will is to be probated more than four years after the death of the testator. Act of May 27, 1999, 76th Leg., R.S., ch. 855, § 2, 1999 Tex. Gen. Laws 3527, 3527, *repealed by* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 10, 2009 Tex. Gen. Laws 1511, 1730 (current version at TEX. EST. CODE ANN. § 258.051 (West 2014)).

At the time of the 1999 amendment, the legislation included a savings clause providing that the changes made by the amendment apply only to the estate of a person who dies on or after September 1, 1999, and the estate of a person who dies before September 1, 1999 is governed by the law in effect on the date of the person's death. Act of May 27, 1999, 76th Leg., R.S., ch. 855, § 13, 1999 Tex. Gen. Laws 3527, 3531. Accordingly, McCulley argues that, through application of the 1999 savings clause, pre-1999 law applies in the probate of Winnie's will because she died before September 1, 1999. Byerley responds that, due to recent legislative action, the savings clause no longer applies.

Effective January 1, 2014, the Texas Probate Code was repealed and recodified as the Texas Estates Code. *See* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, §§ 1.01-4.03, 2011 Tex.

3

Gen. Laws 1901, 1901-2095; Act of May 26, 2009, 81st Leg., R.S., ch. 680, §§ 1-12, 2009 Tex. Gen. Laws 1511, 1511-1730.  The new codification is "without substantive change," and its purpose is to make the law "more accessible and understandable."  *See* TEX. EST. CODE ANN. § 21.001 (West 2014).  The notice requirement previously found in probate code Section 128B, requiring service of process on heirs when the will is probated more than four years after the testator's death, is now codified in estates code Section 258.051(a).  *See id*. § 258.051(a). Byerley argues that, because the new statute reflects no commentary limiting its application, the 1999 savings clause did not survive the recodification.

When the probate code was repealed, Section 128B ceased to exist.  *See Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999).  The legislature included specific language stating that the act is intended as a recodification only, and no substantive change in law is intended.  Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 11, 2009 Tex. Gen. Laws 1511, 1730.  McCulley argues that the savings clause is part of the "substance" of the statute and therefore remains part of the recodification.  We disagree.  The savings clause is not found in the text of the statute itself.  It is found in a separate section of the session laws and printed below Section 128B, under the heading "Historical and Statutory Notes" in the published code.  In this instance, the substance of the statute is the text requiring a specific type of notice in certain situations.  The specified notice has been the law since 1999, and the recodification made no substantive change to Section 128B's notice requirements.  Prior law and legislative history cannot be used to alter or disregard the express terms of a code provision when its meaning is clear from the code when considered in its entirety.  *Rylander*, 6 S.W.3d at 284.  Furthermore, if the savings clause is considered to be part of the codified statute, we reach the same conclusion. Every word excluded from a statute must be presumed to have been excluded for a purpose. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981).  The plain language of the statute makes no reference to decedents who died before 1999.

A savings clause is a clause providing that former law is continued in effect for certain purposes.  *City of Houston v. The Houston Firefighters' Relief and Retirement Fund*, 196 S.W.3d 271, 284 (Tex. App.−Houston [1st Dist.] 2006, no pet.).  A savings clause is necessary to avoid a retroactive application of a statute only if the newly enacted statute repeals a cause of action or revokes a special remedy.  *Id*.  The 1999 savings clause no doubt aided in the transition to the new, more stringent notice requirement, allowing notice by posting in cases where the

decedent died not long before the new Section 128B went into effect. The notice requirement as unambiguously stated in Section 258.051 has been the law since 1999. By its failure to include language carrying forward the savings clause, the legislature may have determined that any transition period was complete. It could have repeated the savings clause in the 2014 law, but chose not to. There is no indication the legislature wished to retain the savings clause. *See Ex parte Harbin*, 297 S.W.3d 283, 286 n. 5 (Tex. Crim. App. 2009) (Reviewing the application of a savings clause, which it characterized as uncodified, the court reasoned that the savings clause was effectively repealed when the codified portion of the statute was repealed.). The repeal of a statute without a savings clause in the repealing law requires the remedies under the former statute to give way to those provided for in the new one. *See Phil H. Pierce Co. v. Watkins*, 263 S.W. 905, 907 (Tex. 1924).

Accepting McCulley's argument, anyone wanting to know what the law requires would have to consult not only the existing law, but the former, repealed law. *Rylander*, 6 S.W.3d at 285. As the supreme court stated, "[c]itizens, lawyers who represent them, judges, and members of the Legislature should not be required to research the law that preceded every codification to determine if there had been some change and accordingly whether the prior law rather than the current law prevails." *Id*. When there is no room to interpret or construe the current law as embodying the old, we must give full effect to the current law. *Id*. at 286. We conclude that the 1999 savings clause accompanying probate code Section 128B has effectively been repealed.

McCulley also asserts that Byerley had actual knowledge of her application to probate the will through his previous attorney. That attorney testified that McCulley's previous attorney had notified him when Winnie's will had been located and indicated that he intended to have it probated. This knowledge, even if imputed to Byerley, does not meet or supplant statutory notice requirements. *See Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990).

McCulley did not comply with the service requirements of Section 258.051. *See* TEX. EST. CODE ANN. § 258.051(a). Therefore, the trial court committed substantial error when it concluded otherwise. The trial court abused its discretion in failing to grant Byerley's petition for bill of review. *See id*. § 55.251(a). We sustain Byerley's second issue.[1]

---

[1] Due to our disposition of issue two, we need not address Byerley's first issue. *See* TEX. R. APP. P. 47.1.

5

## DISPOSITION

We *reverse* the trial court's order denying Byerley's petition for bill of review, *render* judgment that the bill of review is granted, and *remand* the case to the trial court for further proceedings.

**BRIAN HOYLE**
Justice

Opinion delivered February 15, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 15, 2017**

**NO. 12-16-00124-CV**

**WILLIAM FRANK BYERLEY, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF FRANCIS WILLIAM BYERLEY, DECEASED,**
Appellant
V.
**CAROL MCCULLEY, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF WINNIE ALINE BYERLEY, DECEASED,**
Appellee

Appeal from the County Court at Law No 1

of Angelina County, Texas (Tr.Ct.No. 286-15-CV)

THIS CAUSE came to be heard on the oral arguments, appellate record, and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the order of the court below.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order denying the petition for bill of review filed by William Frank Byerley, individually and as independent executor of the estate of Francis William Byerley, deceased, is **reversed**, judgment is **rendered** that the petition for bill of review is **granted**, and the cause is **remanded** to the trial court for further proceedings in accordance with this court's opinion.

It is further ORDERED that all costs in this cause expended in this court be, and the same are, adjudged against the Appellee, **CAROL MCCULLEY, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF WINNIE ALINE BYERLEY, DECEASED**, for which let execution issue; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*